Approved: _____*Jessica Greenwood*_____
JESSICA GREENWOOD
Assistant United States Attorney

*[Stamp: U.S. DISTRICT COURT FILED JAN 11 2017 S.D. OF N.Y.]*

ORIGINAL

Before: THE HONORABLE KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern District of New York

17 MAG 0193

------------------------------------- x

UNITED STATES OF AMERICA

- v. -

SALVADOR DIAZ,

Defendant.

------------------------------------- X

: **SEALED COMPLAINT**
: Violation of 18 U.S.C. § 2250
: COUNTY OF OFFENSE:
: NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

NICHOLAS RICIGLIANO, being duly sworn, deposes and says that he is a Senior Inspector with the United States Marshals Service ("USMS") and charges as follows:

### COUNT ONE
(Failure to Register)

1. From at least in or about March 2015 up to and including in or about January 2017, in the Southern District of New York and elsewhere, SALVADOR DIAZ, the defendant, being an individual required to register under the Sex Offender Registration and Notification Act ("SORNA") and a sex offender as defined for the purposes of SORNA by reason of a conviction under Federal law for a military offense, unlawfully and knowingly did fail to register and update a registration as required by SORNA, to wit, DIAZ moved from a residence in New York, New York, without updating his registration in New York.

(Title 18, United States Code, Section 2250.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Senior Inspector with the USMS. I am currently assigned to the USMS's Sex Offender Investigation Branch. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts

that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

        3. Based on my review of criminal history, military, and court records for SALVADOR DIAZ, the defendant, and my conversations with other law enforcement personnel, I have learned the following:

        a. As of on or about December 1, 2000, DIAZ was a 47-year old chief petty officer who had served the United States Navy for over 20 years.

        b. On or about December 1, 2000, DIAZ was convicted by court-martial convened at the Naval Legal Services Office, Naval Weapons Station, Earle, New Jersey, of three counts of rape, in violation of Article 120 of the Uniform Code of Military Justice, and two counts of indecent acts, in violation of Article 134 of the Uniform Military Code of Justice. DIAZ's victim was his biological daughter, who was approximately 12 years old at the time of the crimes. As a result of his conviction, DIAZ was sentenced to 9 years' confinement and a dishonorable discharge.

        c. On or about March 25, 2007, DIAZ was released from imprisonment and discharged from military service.

        d. As a result of his United States military conviction for rape and indecent acts, DIAZ was required under SORNA to register as a sex offender upon his release from confinement.

        4. Based on my review of New York State sex offender registration records for SALVADOR DIAZ, the defendant, and conversations with other law enforcement personnel, I have learned the following:

        a. DIAZ registered as a sex offender in New York state on or about March 30, 2007.

        b. On or about February 8, 2008, after receipt of a recommendation and supporting documents from the New York State Board of Examiners of Sex Offenders, and after providing a copy to DIAZ's counsel, the Supreme Court of the State of New York, New York County, issued a decision assessing DIAZ as a Level Two sex offender, pursuant to New York Correction Law § 168-l(6)(b), and as a sexually violent offender, as defined in New York Correction Law § 168-a(7).

        c. On or about December 2, 2009, DIAZ signed a copy of the NYPD's Sex Offender Rules and Regulation, which stated, in part:

        i. "You must notify your local law enforcement agency and [the Division of Criminal Justice Services] DJCS in writing of any change of home address no later

than 10 days after moving. . . . If you move to another state, you may be required to register as a sex offender within 10 days of establishing residence."

                ii. "You <u>must</u> verify your home address once a year, for a minimum period of 20 years through the return of a signed address verification form to DCJS within 10 days of its receipt."

        d.        On or about March 24, 2014, a Sex Offender Registry Annual Address Verification Form was sent to DIAZ's address of record in New York, New York (the "New York Residence"). On or about March 27, 2014, DIAZ corrected the form to reflect a new telephone number and updated vehicle information. DIAZ signed the form certifying that the updated and corrected information he provided on the form was complete and accurate, that he had deleted all information that was incorrect or outdated, and that he had updated information as appropriate. The corrected, signed form was returned by DIAZ and was received by the Sex Offender Registry Unit on or about April 1, 2014.

        e.        On or about March 24, 2015, a Sex Offender Registry Annual Address Verification Form was sent to the New York Residence.

        f.        On or about April 7, 2015, the Sex Offender Registry Unit for the NYS Division of Criminal Justice Services sent an electronic "Failure Notification" to the NYPD Sex Offender Monitoring Unit because DIAZ had not signed and returned the 2015 Sex Offender Registry Annual Address Verification Form within ten days as required by New York State Law.

        g.        On or about March 24, 2016, a Sex Offender Registry Annual Address Verification form was sent to the New York Residence.

        h.        On or about April 1, 2016, the Sex Offender Registry Unit for the NYS Division of Criminal Justice Services again sent an electronic "Failure Notification" to the NYPD Sex Offender Monitoring Unit because DIAZ had not signed and returned the 2016 Sex Offender Registry Annual Address Verification Form within ten days as required by New York State Law.

        5.        On or about October 6, 2016, I spoke with an apartment manager for an apartment building in Long Branch, New Jersey (the "Apartment Manager"). Based on my conversation with the Apartment Manager, I learned, among other things, the following:

        a.        The Apartment Manager has worked at the apartment building for approximately the last six years.

        b.        The Apartment Manager identified a photograph of SALVADOR DIAZ, the defendant, as "Salvador Diaz," and stated in substance and in part that DIAZ's mother leased an apartment in the building, and that DIAZ has stayed in the apartment until as recently as in or about August 2016.

      c. On or about August 25, 2016, an attorney for the apartment building's management wrote a letter to DIAZ's mother stating, in substance and in part, that DIAZ's mother was violating the terms of her lease by allowing DIAZ to stay there, and that the apartment would be physically inspected on or after September 1, 2016 to ensure that any unauthorized tenants had left  The Apartment Manager provided me with a copy of the letter, which I reviewed and confirmed was consistent with this description.

    6. On or about December 21, 2016, I interviewed the superintendent of the apartment building where the New York Residence is located (the "Superintendent").  Based on my conversation with the Superintendent, I learned, among other things, the following:

      a. The Superintendent has worked in the building for approximately 30 years.

      b. The Superintendent identified a photograph of SALVADOR DIAZ, the defendant, as the person who used to live in the New York Residence.

      c. DIAZ vacated the New York Residence approximately two years prior and moved to New Jersey with his mother.

    7. Based on my review of law enforcement databases, I have learned, among other things:

      a. DIAZ has a valid driver's license in New Jersey that lists an address in New Jersey as his residence.

      b. DIAZ has two vehicles registered to the New Jersey address associated with his New Jersey driver's license.

                c.      DIAZ has not registered as a sex offender in any state other than the State of New York.

        WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of SALVADOR DIAZ, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
NICHOLAS RICIGLIANO
Senior Inspector
United States Marshals Service

Sworn to before me this
\_\_\_\_ day of January, 2017

_____
THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5