```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK


In re:                              :
                                        Docket #1:17-mj-
 UNITED STATES OF AMERICA           : 00193-UA

                 Plaintiff,         :

  - against -                       :

 DIAZ, SALVADOR,                    : New York, New York
                                        February 15, 2017
                 Defendant.         :

------------------------------------:

                       PROCEEDINGS BEFORE
           THE HONORABLE JUDGE GABRIEL W. GORENSTEIN,
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  Jessica Greenwood, Esq.
                        One St. Andrew's Plaza
                        New York, New York 10007
                        212-637-2200

For the Defendant:      FEDERAL DEFENDERS OF NEW YORK
                        By:  Annalisa Miron, Esq.
                        52 Duane Street
                        New York, New York 10007
                        212-417-8700




Transcription Service: Carole Ludwig, *Transcription Services*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** |
|---|---|---|---|---|
| None | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
 1                      PROCEEDINGS                      3
 2            THE CLERK:  U.S. v. Salvador Diaz.  Counsel,
 3   please state your name for the record.
 4            MS. JESSICA GREENWOOD:  Yes.  Good afternoon,
 5   your Honor.  Jessica Greenwood here today on behalf of the
 6   government.
 7            MS. MIRON:  Good afternoon.  Federal Defenders by
 8   Annalisa Miron and Meghan Gilligan on behalf of Mr. Diaz.
 9            HONORABLE GABRIEL W. GORENSTEIN (THE COURT):  Do
10   we have the time and date of arrest?
11            MS. GREENWOOD:  Yes, your Honor, Mr. Diaz arrived
12   in the Southern District of New York on an out-of-state
13   arrest on a Southern District warrant at approximately
14   10:40 AM this morning, February 15, 2017.
15            THE COURT:  All right, sir, I'm Judge Gorenstein.
16   I'm going to begin by telling you you're not required to
17   make any statements to the authorities.  Anything you said
18   to them could be used against you.
19            If you are not a U.S. citizen, you may request
20   that the government notify a consul or officer from your
21   country that you have been represented.
22            You have the right to be represented by an
23   attorney.  If you could not afford one, you have the right
24   to request that the Court appoint one for you.  I have
25   before me a Financial Affidavit form that you signed under
```

```
 1                      PROCEEDINGS                        4
 2   penalty of perjury.  Based upon the statements that you've
 3   made upon this form, I'm approving the appointment of
 4   counsel.
 5            I have before me a complaint that contains the
 6   charges in this case.  The charge is that you were required
 7   to register under the Sex Offender Registration
 8   Notification Act; that you failed to update a registration
 9   in that you moved from a residence in New York without
10   updating your registration in New York.
11            Counsel, have you seen this complaint?
12            MS. MIRON:  Yes.  And I've reviewed it with
13   Mr. Diaz, who's waived a public reading.
14            THE COURT:  Sir, you have a right to a hearing at
15   which the government would have to show probable cause to
16   believe that you committed this crime.  However, a hearing
17   would not be held if you were indicted by a grand jury.
18            I'll hear from the government next as to bail or
19   detention.
20            MS. GREENWOOD:  Yes, your Honor.  The government
21   seeks detention.
22            THE COURT:  Counsel, how do you want to proceed?
23            MS. MIRON:  We would request a hearing today.
24            THE COURT:  Are you ready to go now?
25            MS. GREENWOOD:  Yes, your Honor.
```

```
 1                          PROCEEDINGS                        5
 2              THE COURT:  Are you ready?
 3              MS. MIRON:  Yes.
 4              THE COURT:  Okay.
 5              MS. GREENWOOD:  Your Honor, the government seeks
 6   detention on the basis, first and foremost, that there is a
 7   significant risk of nonappearance with Mr. Diaz; that we
 8   don't believe there are conditions that can reasonably
 9   assure his appearance in the future.
10              Several factors weigh in favor of finding that he
11   is a risk of flight.  First, the weight of the evidence
12   against him is clear; there are clear documented instances
13   of his awareness of his requirements to register and update
14   his registration as a sex offender and his failure to do so
15   since 2014, despite moving locations and changing the
16   nature of his employment between New York, New Jersey, and
17   Virginia, as well, where he was arrested.  He does not have
18   stable employment, as indicated in the Pretrial Report, and
19   also lacks a stable residence.  We understand from the
20   Pretrial Report, as well as the findings made at the
21   detention hearing in Virginia, where he was initially
22   arrested, that he's lived somewhat of an itinerant
23   existence in a mobile home or an RV through different
24   locations in Virginia and does not appear to have stable
25   connections to this district that would allow us to assure
```

```
 1                        PROCEEDINGS                        6
 2   his appearance here.
 3            With respect, your Honor, to the probation's
 4   recommendation, as you can see, they recommended a series
 5   of precautions and conditions, including his home
 6   incarceration at a particular residence in New Jersey,
 7   which would be 243 Purdue Avenue, Pemberton, New Jersey.
 8   Your Honor, I would just point out that the government has
 9   concerns about that particular address, first, because, you
10   know, the United States marshals before ultimately locating
11   Mr. Diaz in Virginia did surveillance on that particular
12   residence and found no evidence that he was in fact
13   residing there, although he has described it as his primary
14   residence.  In addition, I've learned from defense counsel
15   that there is a 17-year-old living on the premises, which
16   would also be a concern.
17            For all those reasons, your Honor, we just don't
18   feel that there are conditions that can reasonably assure
19   his appearance in the future.
20            MS. MIRON:  Your Honor, Mr. Diaz is a 63-year-old
21   man who has no record of flight from any proceeding.  He
22   does have that prior conviction from 2000.  He was released
23   from detention prior to trial and made all of his
24   appearances.  Indeed, when he was found guilty, he returned
25   the next day for sentencing, with no problems of flight
```

```
 1                        PROCEEDINGS                         7
 2   there.  And he has no record, since 2007, of being arrested
 3   or fleeing any court.  So there's no pattern of flight in
 4   his history.
 5            He has a sister who lives in New Jersey with whom
 6   I've spoken who would sign a bond for him.  Her name is
 7   Marita Rodriguez.  She also suggests her daughter, who's a
 8   27-year-old, employed and lives in their home, as another
 9   co-signor.  Ms. Rodriguez would welcome Mr. Diaz to their
10   home.  It's a four-bedroom place in New Jersey.  I revealed
11   to the government that there's a 17-year-old there, simply
12   because his sister raised that concern with me, she
13   wouldn't want him to violate any condition.  I don't --
14            THE COURT:  I'm sorry, who raised it with you?
15            MS. MIRON:  His sister, the --
16            THE COURT:  Oh, the mother of the child?  I'm
17   sorry --
18            MS. MIRON:  She's the mother of the child and
19   also the potential co-signor.
20            THE COURT:  Got it.
21            MS. MIRON:  You know, and his pretrial recommends
22   release in this case.  They do suggest a condition that he
23   have no unsupervised contact with minor children.  This
24   minor boy will turn 18 in April, and I think that they
25   could arrange a situation where Mr. Diaz would not have
```

```
 1                        PROCEEDINGS                        8
 2   unsupervised contact with the minor, if that's necessary,
 3   although we would ask for an exception to this rule.
 4            If that --
 5            THE COURT:  This is his nephew?
 6            MS. MIRON:  Yes.
 7            MS. GREENWOOD:  Yes, your Honor.  That's my
 8   understanding from defense counsel.  Obviously, I don't
 9   have any independent knowledge.
10            THE COURT:  No, I'm asking defense counsel.
11            MS. GREENWOOD:  Go ahead.
12            MS. MIRON:  That's right.
13            So we propose that as a stable residence, and she
14   would invite Mr. Diaz to their home.  If that is not a
15   possibility, in light of our revelation, then we would ask
16   that he be able to return to Virginia.  He does own a
17   mobile home there.  He is renting land.  The reason it's
18   been somewhat unstable is because the first mobile-home
19   location was not weatherproof, so he had -- winterized, so
20   he had to rent a different mobile home.  And, indeed, I
21   think, given the difficulties people have when they're
22   required to register as sex offenders, I think, frankly, a
23   mobile home on land is a creative solution.  And that's one
24   that Mr. Diaz has tried out.  But we would recommend that
25   he be able to live in New Jersey.
```

```
 1                          PROCEEDINGS                      9
 2           And pretrial recommends two signatures on a bond.
 3   We would ask for the same conditions, that there be a low
 4   bond in the amount of, say, 25--- or $50,000.  These are
 5   not wealthy individuals.  He does actually have family here
 6   in New York.  He has a brother, but his brother, Louis
 7   Diaz, is not doing well.  He lives on Frederick Douglas
 8   Boulevard.  I imagine Mr. Diaz could stay there for a
 9   little while, but it's not a permanent place for him to
10   live, but that does show that he has contacts in New York
11   that would ensure his reappearance.
12           He does not have a job.  He receives a constant
13   source of income from disability, disability that he
14   receives as part of his over-20-year service in the Navy.
15   So he is financially stable, although he's not working full
16   time.
17           So for all of those reasons I do think this is a
18   case where conditions could be met that would ensure his
19   reappearance in court, and that is the only basis for the
20   government's request for detention.
21           THE COURT:  Anything else from the government?
22           MS. GREENWOOD:  No, your Honor.
23           THE COURT:  All right.  I don't believe the
24   government has met its burden of showing that there's no
25   combination of conditions that will ensure the defendant's
```

```
 1                        PROCEEDINGS                    10
 2   return to Court or the safety of the community.  Based upon
 3   the facts recited in the Pretrial Report, I'm going to
 4   allow the defendant to be released on a $50,000 personal
 5   recognizance bond, to be co-signed by two financially
 6   responsible persons; travel restricted to the Southern and
 7   Eastern Districts of New York and District of New Jersey;
 8   surrender of any travel documents, such as passports, any
 9   new applications; mental health evaluation and treatment as
10   directed by Pretrial Services; defendant to submit to
11   urinalysis; if positive, drug testing and treatment; home
12   incarceration with electronic monitoring; defendant's to
13   live with his sister in New Jersey; he's not to have any
14   supervised contact with minors except that I'm not putting
15   any restrictions on his contact with his 17-year-old
16   nephew.
17           MS. MIRON:  Your Honor, you stated supervised
18   contact or --
19           THE COURT:  No unsupervised contact with minors.
20           MS. MIRON:  Thank you.
21           THE COURT:  Okay.  Did I say "supervised"?
22           MS. MIRON:  I heard "supervised."
23           THE COURT:  Okay.  So they wrote down
24   "unsupervised," do I'm glad you corrected me.
25           No unsupervised contact with minors except that
```

```
 1                        PROCEEDINGS                      11
 2   he may have unrestricted contact with his 17-year-old
 3   nephew; defendant not to possess a firearm or destructive
 4   device or other weapon.
 5            I have to figure out about the release.  What --
 6   do you need to set up the --
 7            PROBATION:  Yes.  We would request, your Honor,
 8   that all conditions be met prior to release, including LM,
 9   his relation with New Jersey.
10            THE COURT:  Okay.  How long does that take, do
11   you know?
12            PROBATION:  It should be done within the next
13   couple of days.
14            THE COURT:  Okay.  All right.  So defendant to be
15   detained until all conditions are met.
16            A preliminary hearing date?
17            MS. MIRON:  I'll request the 30th day.
18            THE COURT:  4/17.
19            Anything else from the government?
20            MS. GREENWOOD:  No, your Honor.
21            THE COURT:  Defense counsel?
22            MS. MIRON:  Your Honor, I'm just flagging the
23   issue that Mr. Diaz will have to, essentially, wrap up his
24   residence in Virginia, his mobile home, at some point.
25            THE COURT:  And, therefore, might have to travel
```

```
 1                         PROCEEDINGS                    12
 2   there?
 3            MS. MIRON:  I would request a day -- I can
 4   arrange this with Pretrial, but --
 5            THE COURT:  I mean, I can put in a notation.  So
 6   at some point travel should be permitted to, what is it,
 7   sell his mobile home or --
 8            MS. MIRON:  So to terminate the lease on the land
 9   in Virginia.  I think he would retain his mobile home.
10            THE COURT:  What is the act he needs to do and
11   what location?
12            MS. MIRON:  To retrieve belongings from the
13   Eastern District of Virginia and term --
14            THE COURT:  So that's all he needs to do; he
15   needs to get his things from the Eastern District of
16   Virginia.  He doesn't need to be there to sell something or
17   do anything else?
18            MS. MIRON:  That's right, your Honor.
19            THE COURT:  It's in where in Virginia?
20            MS. MIRON:  Right.  The Eastern District of
21   Virginia.  Temperanceville, which is on the first page of
22   the Pretrial Services Report.
23            THE COURT:  All right.  I'll add the additional
24   condition, Defendant to be permitted to retrieve his
25   possessions from his home in Virginia, with notice to
```

```
 1                          PROCEEDINGS                     13
 2   Pretrial Services and by arrangement with them.
 3            MS. MIRON:  Thank you.
 4            THE COURT:  Anything else?
 5            MS. GREENWOOD:  Not from the government.
 6            MS. MIRON:  No, your Honor.  Thank you.
 7            THE COURT:  All right.  Thank you.
 8            (Whereupon, the matter is adjourned.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                                                           14
 2
 3                        C E R T I F I C A T E
 4
 5          I, Carole Ludwig, certify that the foregoing
 6   transcript of proceedings in the case of USA v. Diaz,
 7   Docket #1:17-mj-00193-UA, was prepared using digital
 8   transcription software and is a true and accurate record of
 9   the proceedings.
10
11
                      *Carole Ludwig*
12   Signature_____
13              Carole Ludwig
14   Date:    April 12, 2017
15
16
17
18
19
20
21
22
23
24
25
```