```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
                                                      ELECTRONICALLY FILED
------------------------------------------------ X    DOC #:_____
  UNITED STATES OF AMERICA,              :            DATE FILED: 7/13/2018
                                         :
                                         :            17-CR-227 (VEC)
           -against-                     :
                                         :            MEMORANDUM
                                         :            OPINION AND ORDER
                                         :
  SALVADOR DIAZ,                         :
                                         :
                       Defendant.        :
------------------------------------------------ X
```

VALERIE CAPRONI, United States District Judge:

Defendant Salvador Diaz is charged with failure to register as a convicted sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. *See* Compl., Dkt. 1; Indictment, Dkt. 12. Diaz, appearing *pro se*, moves to dismiss the Indictment on numerous grounds, including: that his prior sex-offense conviction was procedurally defective; that the state-court proceedings that determined his sex-offender risk level deprived him of due process; and that the registration requirements imposed by SORNA are unconstitutional. *See* Def. Mem. of Law, Dkt. 61, at 6–12. Additionally, Diaz moves to modify the mandatory conditions of his pretrial release, arguing that they are unconstitutional. *See id.* at 11. For the following reasons, Diaz's motion to dismiss the Indictment is DENIED. The Government, however, is ORDERED to respond by letter to Diaz's motion to modify his bail conditions no later than **July 27, 2018**. Diaz may submit a reply no later than **August 3, 2018**. The Government, Diaz, and Diaz's standby counsel are further ORDERED to appear for a conference on **August 21, 2018 at 3:30 p.m.**, in Courtroom 443 of the Thurgood Marshall U.S. Courthouse, so that the Court can set a trial schedule.

## BACKGROUND

**I.      Diaz's Attempts to Challenge His Prior Conviction[1]**

On December 1, 2000, Diaz, then a chief petty officer in the United States Navy, was convicted at court-martial of rape and indecent acts, in violation of the Uniform Code of Military Justice ("UCMJ"). *See* Compl. ¶ 3. The victim of Diaz's crimes was his daughter, who was approximately 12 years old at the time. *See id.* Diaz was dishonorably discharged from the Navy and sentenced to nine years' imprisonment. *See id.*

Following his conviction, Diaz filed a series of appeals through the military justice system, each of which was denied. First, Diaz appealed to the Navy-Marine Corps Court of Criminal Appeals ("NMCCA"), alleging 18 assignments of error, including ineffective assistance of counsel, abuse of discretion by the trial judge, and failure to prove his crimes beyond a reasonable doubt. *See United States v. Diaz*, 61 M.J. 594, 596–98 (N-M. Ct. Crim. App. 2005). The NMCCA affirmed Diaz's conviction, holding that the trial court's "findings and sentence [were] correct in law and fact." *Id.* at 598. Diaz appealed the NMCAA's decision to the United States Court of Appeals for the Armed Forces ("CAAF"). *See United States v. Diaz*, 64 M.J. 180 (C.A.A.F. 2006). CAAF affirmed the NMCAA's decision in a summary disposition. *Id.* Diaz's petition for reconsideration of CAAF's decision was denied. *See United States v. Diaz*, 64 M.J. 221 (C.A.A.F. 2006). Diaz then filed two petitions for a writ of certiorari in the United States Supreme Court. Both were denied. *See Diaz v. United States*, 549 U.S. 1167 (2007); *Diaz v. United States*, 549 U.S. 1356 (2007).

---

[1]      A letter from Diaz's former counsel (now his standby counsel) provides a comprehensive summary of Diaz's numerous attempts to challenge his prior conviction through direct appeals, collateral attacks, and civil actions. *See* Def. Ltr. (Jan. 8, 2018), Dkt. 53.

Diaz also attempted to collaterally attack his conviction a number of times. He filed three separate petitions in the U.S. District Court for the District of Kansas, challenging his conviction, the appeals process, and the conditions of his confinement. *See Diaz v. McGuire*, No. 02-3271 (D. Kan. Nov. 1, 2004); *Diaz v. Harrison*, No. 04-3401 (D. Kan. Sept. 18, 2006); *Diaz v. Inch*, No. 06-3306 (D. Kan. Sept. 28, 2007). Each petition was denied. Diaz appealed two of the denials, and the Tenth Circuit affirmed both, holding that Diaz's arguments had been "given full and fair consideration by the military courts." *Diaz v. Inch*, 268 F. App'x 802, 803 (10th Cir. 2008); *see also Diaz v. McGuire*, 154 F. App'x 81 (10th Cir. 2005).

Diaz also attempted to challenge his conviction through two civil actions in this District. First, in July 2007, Diaz sued the Department of Defense. His lawsuit principally raised the same arguments he made when he appealed his court martial conviction: that he was convicted without effective assistance of counsel and that the court martial appellate review process was defective. *See* Compl., *Diaz v. Dep't of Def.*, No. 08-CV-370 (S.D.N.Y. Jan. 15, 2008). Judge Wood *sua sponte* dismissed the Complaint to the extent it sought to overturn his conviction and to stay ongoing New York State proceedings requiring him to register as a sex offender. *See* Order, *Diaz v. Dep't of Def.*, No. 08-CV-370 (S.D.N.Y. Jan. 15, 2008); *Diaz v. Dep't of Def.*, No. 08-CV-370, 2008 WL 4671833, at *2 (S.D.N.Y. Oct. 23, 2008). After the case was reassigned to then-District Judge Denny Chin, Judge Chin denied Diaz's motion for reconsideration of Judge Wood's order. Order, *Diaz v. Dep't of Def.*, No. 08-CV-370 (S.D.N.Y. Aug. 27, 2008). In a subsequent decision, Judge Chin dismissed the Complaint's remaining claims, noting that Diaz's claims had been repeatedly litigated and—aside from lacking merit— were barred by claim preclusion. *See Diaz*, 2008 WL 4671833, at *4.

Subsequently, Diaz sued the Navy Judge Advocate General, seeking a judgment declaring his conviction void. This Complaint was, like the first, premised on his claims of ineffective assistance of counsel and a defective appellate review process. *See* Compl., *Diaz v. Judge Advocate Gen. of the Navy*, No. 10-CV-1316 (S.D.N.Y. Feb. 18, 2010). Judge Preska dismissed the complaint *sua sponte* and certified that an appeal would not be in good faith. *See* Order, *Diaz v. Judge Advocate Gen. of the Navy*, No. 10-CV-1316 (S.D.N.Y. Feb. 18, 2010). Nevertheless, Diaz appealed, and the Second Circuit affirmed. *See Diaz v. Judge Advocate Gen. of the Navy*, 413 F. App'x 342 (2d Cir. 2011).

## II. Procedural History in the Instant Case

On February 15, 2017, Diaz was arrested on a criminal complaint in this District. The Federal Defenders of New York ("FDNY") were appointed to represent him. *See* Order (Feb. 15, 2017), Dkt. 5. Following Diaz's indictment, FDNY filed a thorough motion to dismiss the Indictment on constitutional and statutory grounds (the "First Motion to Dismiss"). *See* Def. Mot. (July 14, 2017), Dkt. 32. Shortly after the First Motion to Dismiss was fully briefed, Diaz moved to terminate FDNY as his counsel. *See* Def. Ltr. (Aug. 17, 2017), Dkt. 36. Diaz indicated that communication had broken down between him and his attorneys and that he wanted to withdraw the First Motion to Dismiss. *See id.*; Status Conference Transcript (Aug. 24, 2017), Dkt. 43, at 9–10. The Court granted Diaz's request for new counsel, appointed new counsel pursuant to the Criminal Justice Act ("CJA"), and held the First Motion to Dismiss in abeyance. *See* Order (Aug. 24, 2017), Dkt. 39.

At a subsequent status conference (with Diaz's new CJA counsel), Diaz explained that he had asked to withdraw the First Motion to Dismiss because he wanted to use the instant criminal proceeding to collaterally attack his prior sex-offense conviction. *See* Status Conference Transcript (Oct. 11, 2017), Dkt. 49, at 3–6. The Court warned Diaz that a collateral attack was

likely procedurally improper and unlikely to succeed in the instant proceeding. *Id.* at 4–15. Nevertheless, after hearing that Diaz had consulted with his attorney about the collateral attack motion, the Court set a briefing schedule and continued to hold the First Motion to Dismiss in abeyance. *Id.* at 15–16.

A few months later, Diaz's attorney filed a letter indicating that Diaz wished to withdraw his motion to collaterally attack the conviction and that, instead, the Court should decide the First Motion to Dismiss. *See* Def. Ltr. (Jan. 8, 2018), Dkt. 53, at 6. Diaz then wrote the Court personally, stating that his attorney's letter had "ignored [his] wishes" and that he indeed wished to proceed with a collateral attack. *See* Def. Ltr (Feb. 5, 2018), Dkt. 56. At a subsequent status conference, Diaz asked the Court to relieve his attorney and allow him to proceed *pro se*. *See* Status Conference Transcript (Mar. 1, 2018), Dkt. 65, at 2–3. After ensuring that Diaz understood his right to counsel and the perils of proceeding *pro se*, the Court relieved Diaz's attorney and allowed Diaz to proceed *pro se* (with his former attorney as standby counsel). *See id.* at 3–19; Order (Mar. 1, 2018), Dkt. 62. The Court also confirmed that Diaz wished to withdraw the First Motion to Dismiss; accordingly, the Court dismissed the First Motion to Dismiss as moot and allowed Diaz to brief the instant motion. *See* Order (Mar. 2, 2018), Dkt. 62.

## DISCUSSION

### I.   Standard of Review

Federal Rule of Criminal Procedure 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the issue." Fed. R. Crim. P. 12(b); *see also United States v. Covington*, 395 U.S. 57, 60–61 (1969); *United States v. Bodmer*, 342 F. Supp. 2d 176, 180 (S.D.N.Y. 2004). Because federal crimes are "solely creatures of statute," *Dowling v. United States*, 473 U.S. 207, 213 (1985) (internal

5

quotation marks omitted), "a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute," *United States v. Aleynikov*, 676 F.3d 71, 75–76 (2d Cir. 2012). The court, however, must accept all factual allegations in the indictment as true when deciding such a motion. *See United States v. Martinez*, No. S1 94 CR 219, 1995 WL 10849, at *2 (S.D.N.Y. Jan. 12, 1995) (citing *Costello v. United States*, 350 U.S. 359 (1956)).

Additionally, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (collecting cases).

## II. Diaz's Motion to Dismiss the Indictment Is Denied

### A. Diaz May Not Attack the Procedural Validity of His Prior Conviction in this Case

Diaz's central claim is that the Indictment must be dismissed because it depends upon a prior conviction that was procedurally defective. *See* Def. Mem. of Law, Dkt. 61, at 5.

As applied to Diaz, the elements of failure to register, pursuant to 18 U.S.C. § 2250, are that the defendant: (1) was required to register as a sex offender under SORNA; (2) is a "sex offender" by reason of a conviction under federal law (including under the Uniform Code of Military Justice); and (3) knowingly failed to register or update his registration. *See* 18 U.S.C. § 2250(a); *Carr v. United States*, 560 U.S. 438, 445–46 & n.3 (2010); 3 *Modern Federal Jury Instructions: Criminal* ¶ 61.10 (2018). Thus, looking to the second element, a prior conviction for a "sex offense" (as SORNA defines that term) is an element of the crime of failure to register.

SORNA's framework is not unique. In other contexts, a defendant's prior conviction may be an element of an offense charged in a subsequent prosecution. *See, e.g.*, 18 U.S.C.

§ 922(g) (federal felon-in-possession statute). In analyzing convictions under such statutes, courts have consistently held that a defendant may not use the subsequent criminal proceeding to collaterally attack the prior conviction. In *Lewis v. United States*, 445 U.S. 55 (1980), for example, the defendant argued that his prior felony conviction was procedurally defective and thus could not be used as a predicate for his subsequent prosecution under the federal felon-in-possession statute.[2] *See* 445 U.S. at 56. The Supreme Court rejected the defendant's argument, holding that nothing in the felon-in-possession statute "suggest[ed] a congressional intent to limit its coverage to persons [whose convictions are not subject to collateral attack]." *Id.* at 60 (second alteration in original) (internal quotation marks omitted). Rather, the statute applied broadly to all prior felony convictions and did not "open the predicate conviction to a new form of collateral attack." *Id.* at 67. *Custis v. United States*, 511 U.S 485 (1994), reached a similar conclusion, reasoning that the felon-in-possession statute "focuses on the *fact* of the conviction and [that] nothing suggests that the prior final conviction may be subject to collateral attack for potential constitutional errors before it may be counted" in a subsequent prosecution. 511 U.S. at 490–91. Similar attempts to collaterally attack a prior conviction as part of a subsequent prosecution that includes as an element that the defendant was previously convicted have yielded the same result. *See, e.g.*, *United States v. Warren*, 335 F.3d 76, 77–78 (2d Cir. 2003) (holding that the validity of a conviction giving rise to a sentence of supervised release may not be collaterally attacked in a subsequent proceeding for the revocation of supervised release).

Based on this authority, at least one court has expressly held that a defendant may not collaterally challenge the prior conviction that made him a "sex offender" during a prosecution

---

[2] The statute at issue in *Lewis*, a precursor to 18 U.S.C. § 922(g), provided that any person who "has been convicted . . . of a felony" may not receive, possess, or transport a firearm. *See Lewis*, 445 U.S. at 56 n.1.

7

for failure to register as a sex offender. *See United States v. Delgado*, 592 F. App'x 602, 603 (9th Cir. 2015). The Court agrees with and adopts the reasoning of *Delgado*.

Diaz's challenge falls squarely within this well-established line of authority. Diaz claims that the appellate review of his prior conviction was defective and that the Kansas district courts inadequately addressed his petitions for writs of *habeas corpus*. *See* Def. Mem. of Law, Dkt. 61, at 6, 8; Def. Reply Mem. of Law, Dkt. 70, at 3–4, 7–9. Essentially, Diaz seeks to use this prosecution as a vehicle to collaterally attack his underlying predicate conviction. But nothing in SORNA limits the statute's reach to procedurally sound convictions or otherwise authorizes collateral attacks on those convictions. *See Delgado*, 592 F. App'x at 603. As with the felon-in-possession laws, SORNA focuses only on "the *fact* of the [prior] conviction." *Custis*, 511 U.S. at 491. The procedural validity *vel non* of Diaz's prior conviction is thus not at issue in the instant prosecution, and Diaz may not use this proceeding to collaterally attack it.[3]

For all these reasons, the Court denies Diaz's motion to dismiss the Indictment on the ground that his court-martial conviction was procedurally defective.

---

[3] None of the exceptions to the doctrine set forth in *Lewis* and *Custis* apply here. Those cases recognized that a defendant may, in some contexts, use a subsequent prosecution to challenge a prior conviction if the prior conviction was obtained in violation of the defendant's right to counsel. *See Custis*, 511 U.S. at 495 (citing *Burgett v. Texas,* 389 U.S. 109, 115 (1967)); *Lewis*, 445 U.S. at 66. Here, Diaz does not allege that he was deprived of the right to counsel in his court-martial proceedings; he alleges only that his counsel was ineffective. *Custis* expressly held that the exception for a collateral attack based on a deprivation of the right to counsel does not apply to a claim of ineffective assistance. *See* 511 U.S. at 496; *see also United States v. Rodriguez-Perez*, 428 F. App'x 324, 327-28 (5th Cir. 2011).

Additionally, longstanding precedent allows a defendant to challenge an immigration removal order in a subsequent prosecution for illegal reentry. *See* 8 U.S.C. § 1326(d); *United States v. Mendoza-Lopez*, 481 U.S. 828, 841–42 (1987). But that exception relies on the fact that an exception was necessary because otherwise removal orders would be entirely immune from judicial review. *See Mendoza-Lopez*, 481 U.S. at 841 ("It is precisely the unavailability of effective judicial review of the administrative determination at issue here that sets this case apart from *Lewis*."). As the Court has discussed, Diaz has had ample judicial review of his prior conviction, so this exception does not apply.

### B. Diaz May Not Attack the Procedural Validity of His State Registration and Notification Proceedings in this Case

Diaz also moves to dismiss the Indictment on the ground that the New York State proceedings that determined his sex-offender risk level (and thus established the scope of his state registration requirements) deprived him of due process. Def. Mem. of Law, Dkt. 61, at 12.

Once again, this case is not the appropriate forum for this argument. In part, the same logic regarding Diaz's prior conviction applies: while the requirement to register as a sex offender is an element of the offense charged in the instant case, that element focuses on the *fact* of the registration requirement, not on the procedural validity of the proceeding that gave rise to the requirement. *Cf. Custis*, 511 U.S. at 491–92. Nothing in SORNA authorizes a collateral attack on state registration proceedings, just as nothing in the statute authorizes a collateral attack on a prior conviction.

Even if Diaz could bring a due process challenge to the state proceedings, his argument would fail. New York State's sex-offender registration proceedings have been found to comport with due process when the defendant received advance notice of the hearing prior to his sex-offender risk level determination, had an opportunity to challenge his risk level before a state court, and had an opportunity to appeal the ultimate determination of the risk level. *See, e.g.*, *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *22 (E.D.N.Y. Sep. 7, 2013); *United States v. Kimble*, 905 F. Supp. 2d 465, 475 (W.D.N.Y. 2012). Without undertaking a full examination of the state-court record, it appears that Diaz's state proceeding complied with these standards. Diaz received advance notice of his right to a hearing prior to his risk level determination, *see* Gov. Mem. of Law, Dkt. 67, Ex. D at ¶ 1; he appeared with counsel in a state court to challenge the determination of his risk level, *see* Def. Reply Mem. of Law, Dkt. 70, at 11; and he had an opportunity to appeal that determination, *see* N.Y. Correct. Law § 168-k.

9

For all these reasons, the Court denies Diaz's motion to dismiss the Indictment on the ground that his state registration proceedings were procedurally defective.

### C. The Indictment Does Not Violate Diaz's Rights Under the Double Jeopardy Clause, the Eighth Amendment, or the Confrontation Clause

Diaz next moves to dismiss the Indictment based on a series of constitutional challenges to state and federal sex-offender registration laws.

First, Diaz argues that SORNA and its New York State counterpart violate the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment. *See* Def. Mem. of Law, Dkt. 61, at 11. The Second Circuit has expressly held that New York's sex offender registration laws are not "punitive" in nature and thus do not "invoke the protections" of the Double Jeopardy Clause, the Eighth Amendment, or the criminal "procedural safeguards of the Fifth and Sixth Amendments." *Doe v. Pataki*, 120 F.3d 1263, 1271, 1284 (2d Cir. 1997); *cf. Smith v. Doe*, 538 U.S. 84 (2003) (holding that Alaska's sex-offender registration statute was not punitive and, thus, that the Ex Post Facto Clause did not apply to it); *Doe v. Cuomo*, 755 F.3d 105, 114 (2d. Cir. 2014) (rejecting a substantive due process challenge to New York's sex-offender registration statute). All circuit courts to have considered the issue have reached the same conclusion with regard to the federal registration laws. *See, e.g.*, *United States v. May*, 535 F.3d 912, 919–20 (8th Cir. 2008); *United States v. Young*, 585 F.3d 199, 204–06 (5th Cir. 2009); *United States v. Riddle,* No. 5:13-CR-0003, 2013 WL 11330648, at *3–4 (N.D.N.Y. May 3, 2013); *United States v. Romeo*, 647 F. Supp. 2d 184, 188 (N.D.N.Y. 2009); *cf. United States v. Guzman*, 591 F.3d 83, 94 (2d Cir. 2010). For these reasons, the Court denies Diaz's motion to dismiss the Indictment under the Double Jeopardy Clause and the Excessive Fines Clause.

Finally, Diaz argues that allowing his prior conviction to be introduced into evidence without allowing him the opportunity to collaterally attack it "is tantamount to a denial of the right [to] confront one's accuser." Def. Reply Mem. of Law, Dkt. 70, at 2. To the extent that Defendant is arguing a violation of the Confrontation Clause, his argument is meritless. It is well-established that "criminal judgments may be admitted to show that a defendant has a prior conviction without violating the Confrontation Clause." *United States v. Causevic*, 636 F.3d 998, 1002 (8th Cir. 2011); *see also United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005). Specifically, because Diaz's prior judgment will be admitted only to show that he *has* a prior conviction, and not for the truth of any of the *facts* underlying the conviction, admission of the conviction presents no Confrontation problem. *See Causevic*, 636 F.3d at 1002.

For all these reasons, Diaz's constitutional challenges to the Indictment fail, and his motion to dismiss the Indictment is denied.

## III. The Government Must Respond to Diaz's Challenge to His Bail Conditions

Apart from his motion to dismiss the Indictment, Diaz also challenges his bail conditions. *See* Def. Mem. of Law, Dkt. 61, at 11. Because Diaz is charged with failure to register, federal law requires electronic monitoring and a curfew as mandatory conditions of his pretrial release. *See* 18 U.S.C. § 3142(c)(B). Diaz challenges these conditions as unconstitutional. Several courts have concurred with Diaz's argument and have held that the bail provisions violate the Due Process Clause. *See, e.g.*, *United States v. Karper*, 847 F. Supp. 2d 350, 360 (N.D.N.Y. 2011); *United States v. Polouizzi*, 697 F. Supp. 2d 381, 386–88 (E.D.N.Y. 2010); *United States v. Arzberger*, 592 F. Supp. 2d 590, 601 (S.D.N.Y. 2008); *United States v. Crowell*, No. 06-CR-304S(F), 2006 WL 3541736, at *10–11 (W.D.N.Y. Dec. 7., 2006). Diaz has previously raised similar arguments, but the Court has not fully addressed them. *See* Def. Ltr. (Aug. 30, 2017), Dkt. 41, at 2; Def. Ltr (Apr. 28, 2017), Dkt. 18, at 4 n.4.

Accordingly, the Government is ORDERED to respond by letter to Diaz's motion to modify the conditions of his pretrial release (and, in particular, to his argument that the mandatory conditions are unconstitutional) no later than **July 27, 2018**. Diaz may submit a reply no later than **August 3, 2018**.

## CONCLUSION

For all the foregoing reasons, Diaz's motion to dismiss the Indictment (Dkt. 61) is DENIED. The Government is ORDERED to respond by letter to Diaz's motion to modify his bail conditions no later than **July 27, 2018**. Diaz may submit a reply no later than **August 3, 2018**. The Government, Diaz, and Diaz's standby counsel are further ORDERED to appear for a status conference on **August 21, 2018 at 3:30 p.m.**, in Courtroom 443 of the Thurgood Marshall U.S. Courthouse, so that the Court can set a trial schedule.

Diaz's standby counsel is directed to email a copy of this opinion to Diaz, and the Clerk is respectfully directed to mail a copy of this opinion to Diaz.

**SO ORDERED.**

**Dated: July 13, 2018**
    **New York, NY**

                                                    **VALERIE CAPRONI**
                                                    **United States District Judge**