USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

-against-

SALVADOR DIAZ,

                            Defendant.
-------------------------------------------------------------- X

17-CR-227 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

    Defendant Salvador Diaz is charged with failure to register as a convicted sex offender under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250. *See* Compl., Dkt. 1; Indictment, Dkt. 12. Diaz, appearing *pro se*, moves for reconsideration of the Court's July 13, 2018 Opinion and Order, Dkt. 71, which denied Diaz's motion to dismiss the Indictment. *See* Def.'s Mot. for Reconsideration, Dkt. 72. For the following reasons, Diaz's motion for reconsideration is DENIED.

## DISCUSSION

### I. Standard of Review

    "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted) (collecting cases).

    "While the Federal Rules of Criminal Procedure do not provide for reconsideration motions, such motions are tacitly accepted in criminal cases in this District by virtue of Local Crim. R. 49.1(d), which requires a movant to submit a 'memorandum setting forth concisely the

1

matters or controlling decisions which counsel believes the Court has overlooked.'" *United States v. Baldeo*, No. 13-CR-125, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015); *see also United States v. FNU LNU,* No. 09-CR-543, 2015 WL 13307424, at *1 (S.D.N.Y. Nov. 13, 2015); *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)).

In this District, motions for reconsideration in criminal cases are decided under the same standard as motions for reconsideration in civil cases. *See, e.g.*, *United States v. Smith,* No. 11-CR-724, 2012 WL 1700465, at *3 (S.D.N.Y. May 15, 2012); *United States v. Leaver*, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y. 2005). The standard for granting a motion for reconsideration in a civil case is "strict," and it "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion for reconsideration is not a vehicle for relitigating old issues, . . . securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Gustavia Home, LLC v. Rice*, 724 F. App'x 87, 88–89 (2d Cir. 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Put differently, "[r]econsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018).

## II. Diaz's Motion for Reconsideration Is Denied

Diaz raises no new arguments or facts in his motion. He simply presents an alternative reading of the cases discussed in the Court's July 13, 2018 opinion, essentially seeking to relitigate the arguments raised in his motion to dismiss.

First, citing *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), Diaz argues that he was "unconstitutionally blocked from challenging in court the fundamental fairness of the

2

proceeding" that resulted in his sex-offense conviction. Def.'s Mem. of Law, Dkt. 73, at 1. This argument fails. As the Court explained, Diaz has received more than ample review of his prior conviction, both on direct appeal and on collateral review. *See* Op. and Order, Dkt. 71, at 2–4. Diaz's opportunity for judicial review thus makes this case distinguishable from *Mendoza-Lopez*. *See id.* at 8 n.3; *United States v. Delgado*, 592 F. App'x 602, 603 (9th Cir. 2015) (distinguishing SORNA from the statute at issue in *Mendoza-Lopez*).

Next, Diaz quarrels with the Court's reliance on *Custis v. United States*, 511 U.S. 485 (1994), and *Lewis v. United States*, 445 U.S. 55 (1980). *See* Def.'s Mem. of Law at 2–3. As to *Custis*, Diaz states that he "adopt[s]" the argument of that case's dissenting opinion and quotes the dissent in full. *Id.* at 3. As to *Lewis*, Diaz states that numerous Courts of Appeals allowed collateral attacks of prior convictions before *Lewis* overruled those decisions and foreclosed that avenue of relief. *Id.* at 2. It goes without saying that this Court is bound to follow controlling decisions of the Supreme Court, notwithstanding the merit *vel non* of the arguments raised by the dissenting justices. And, of course, this Court may not follow decisions of the Courts of Appeals that the Supreme Court has overruled. Diaz offers no reason to believe that *Custis* and *Lewis* are not controlling, and, thus, his argument fails.

Finally, citing *Burgett v. Texas*, 389 U.S. 109 (1967), Diaz argues that "[t]he admission into evidence of a constitutionally invalid prior conviction is inherently prejudicial." Def.'s Mem. of Law at 20. Putting aside the question of whether Diaz's prior conviction is constitutionally invalid—and numerous courts have decided that it is not—the Court's July 13, 2018 opinion explained that *Burgett* applies only to prior convictions that were obtained in violation of a defendant's right to counsel. *See* Op. and Order at 8 n.3. For the reasons that the Court has explained, that exception does not apply to Diaz's case. *See id.*

## CONCLUSION

For all the foregoing reasons, Diaz's motion for reconsideration is DENIED.

Diaz's standby counsel is directed to email a copy of this opinion to Diaz. The Clerk is respectfully directed to mail a copy of this opinion to Diaz and to close the open motion at Dkt. 72.

**SO ORDERED.**

**Dated: July 30, 2018**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**