# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,       )
                                 )
            Plaintiff,        )
                                 )     CASE NO.   21-CV-2403 (VEC)
     -vs-                 )                   17-CR-0227 (VEC)
                                 )
SALVADOR DIAZ,               )
                                 )
            Movant.        )

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

            **Page**

STATEMENT OF FACTS.................................................................……...........1

STANDARD OF REVIEW ........................................................................…...............5

ARGUMENT …………..................................................................…............5

    A.  THE MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.................5

    B.  THE SUPERSEDING INDICTMENT WAS UNLAWFUL....…………………….....8

    C.  THE COURT'S FINDINGS OF LAW WERE NOT SUPPORTED BY THE

         EVIDENCE…………..........................................................…10

    D.  MOVANT WAS TRIED IN UNCONSTITUTIONAL VENUE………………….12

CONCLUSION …………….........................…...................................13

# TABLE OF AUTHORITIES

## CASES              Page(s)

*Custis v. United States*, 511 U.S. 485 (1994) ..…………………...............................passim

*Nichols v . United States*, 136 S. Ct. 1 113 (2016)................................................passim

*United States v. Holcombe*, 883 F.3d 12 (2d Cir. 2018)........................................passim

*Carr v. United States*, 560 U.S. 438, 443   (2010)........................................................7

*United States v. Kopp*, 778 F.3d 986, 988–89 (11th  3 Cir. 2015)..................................8

*United States v. Lewis*, 768 F.3d 1086, 1092–94 (10th Cir. 2014)................................8

*United States  v. Howell*, 552 F.3d 709, 717–18 (8th Cir. 2009)....................................8

*United States v. Haslage*, 853 F.3d 331 (7th Cir. 2017)……....................................... 8

## STATUTES

18 U.S.C. §2250………………...........................................................................................passim

18 U. S. C. § 924(e)……...........................................................................................................10

34 U.S.C. § 20911(5)(B)……....................................................................................................12

## RULES

Fed. R. Civ P. 56(a) ...................................................................................................................4

Fed. R. of Evidence 104(e)……...............................................................................................12

Fed. R. Crim. P. 18 ..................................................................................................................13

## CONSTITUTIONAL PROVISIONS

Article III, §2, Clause 3, U.S. Constitution…………………………………………….……12

First Amendment, U.S. Constitution…………………………………….........................…… 12

Sixth Amendment, U.S. Constitution ……………………….....................................……… 12

## OTHER AUTHORITIES

ABA Standard 4-1.3(d)……………………………………………………...…………..5

https://www.pbwt.com/second-circuit-blog/circuit-holds-that-interstate-travel-element-confers-multiple-venues-for-prosecution………………………………………………...........................8

**MEMORANDUM IN SUPPORT**

**STATEMENT OF FACTS**

Movant was arrested at his home in Temperanceville, VA. on January 27, 2017. After transfer to the Southern District of New York, He was indicted for failure to register under 18 U.S.C. §2250 and released on bail. Movant had made clear to the arresting officers, his attorneys and the district court that he did not register because he felt he was not required to register because his military conviction was not valid. At a conference, on November 20, 2017, the Court heard the movant and directed his attorney to craft the movant's allegations in the form of a motion to dismiss and file it with the Court by January 15, 2018. On January 08, 2018, defense counsel filed a letter with the court, (Document 53), without any word with his client, arguing that his client could not challenge his prior conviction, relying mostly on the Supreme Court opinion in *Custis v. United States,* 511 U.S. 485 (1994). After objections by the movant, at a conference held on March 01, 2018, the Court denied movant's request for new counsel, but allowed the movant to proceed *pro se*, while retaining the attorney as standby counsel.

The Court accepted movant's document, originally sent to his defense counsel, as the Motion to Dismiss. Document 61. The motion argued that dismissal was proper because; the conviction was invalid due to a biased statutory review and Due Process violation; the court-martial lacked constitutional jurisdiction; and the Sex Offender Registration and Notification Act (SORNA) statute was unconstitutional.

The court denied the motion in an opinion issued July 13, 2018. Document 71. The court noted that:

-Nothing in SORNA limits the statute's reach to procedurally sound convictions or otherwise authorizes collateral attacks on those convictions. See Delgado, 592 F. App'x at 603.

2

As with the felon-in-possession laws, SORNA focuses only on "the fact of the [prior] conviction." *Custis*, 511 U.S. at 491. The procedural validity *vel non* of Diaz's prior conviction is thus not at issue in the instant prosecution, and Diaz may not use this proceeding to collaterally attack it. Document 71 at 8.

-The validity of Mr. Diaz's sex-offense conviction… is not relevant to the charge of failure to register. Accordingly, Mr. Diaz will not be permitted to introduce evidence at trial that tends to show that the conviction or registration proceedings are invalid, nor will Mr. Diaz be permitted to make any such arguments to the jury. Document 84.

-To the extent that Mr. Diaz has moved to dismiss the indictment based on 21 U.S.C. § 851(c)(2), that motion is DENIED. This statute applies only to drug- related offenses and has no bearing on a prosecution for failure to register under SORNA. See 21 U.S.C. § 851(a)(1) (proceedings to challenge the constitutionality of prior convictions apply only to individuals who "Stand[] convicted of an offense *under this part*" (emphasis added). In Custis v . United States, the Supreme Court held that Congress has the power to prevent a defendant from collaterally attacking a conviction during a subsequent criminal proceeding in which the conviction is an element of the offense. See 511 U.S. 485, 491-92 (1994). Document 128.

-To the extent that Mr. Diaz has moved to dismiss the indictment based on 34 U.S.C. § 20911(5)(B), the motion is DENIED, as that provision applies only to foreign convictions. *Id.*

-Mr. Diaz is reminded that this Court has repeatedly ruled that he may not challenge the validity of his prior conviction in this proceeding. *Id.*

On November 16, 2018, the Court issued order, directing the government to respond addressing the effect of *Nichols v . United States,* 136 S. Ct. 1 113 (2016) on the case. The Court asked the government to explain why, in light of *Nichols*, the indictment properly stated an

offense; and why venue was proper in the Southern District of New York while considering the Second Circuit decision in *United States v. Holcombe,* 883 F.3d 12 (2d Cir. 2018). Document 96.

In its response, on November 19, 2018, the government explained that it had issued a superseding indictment where venue was now proper in the district because "[t]he original indictment in this case charged the defendant with being a "sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law (including the Uniform Code of Military Justice)." See 18 U.S.C. § 2250(a)(2)(A). The superseding indictment now charges the defendant with traveling in interstate commerce. See id. § 2250(a)(2)(B)." Document 99 at 2.

On February 20, 2019, the District Court called a conference to announce that a new counsel was being appointed to represent the movant. Ms. Susan G. Kellman was assigned as the new defense counsel and Mr. DeMarco and Mr. Lynch were terminated.

Following considerable discussions with new counsel prior to star of trial in less than five days, the movant filed a motion to dismiss directly with the Court on February 23, 2019, citing lack of venue and failure to state an offense. Document 135.

The court summarily denied the motion ruling that it was out of time and the issues lacked merits. The Court noted that "Section 2250 phrases the "federal conviction" And "interstate commerce" theories of the offense in terms of "or" Indicating that the government may proceed under either one. That makes sense: If an unregistered sex offender travels in interstate commerce, the government has a federal interest in prosecuting him, regardless of whether he is a federal or state sex offender. I'm unaware of a case that directly addresses this issue, but in *United States v. Van Buren*, a federal sex offenders was prosecuted under the interstate travel theory; the Second Circuit affirmed the conviction albeit on other grounds, Van Buren is 599 F.3d at 170 (2d Cir. 2010)." Document 146 at 19, 20.

The movant was again permitted to continue *pro se.*

On February 27, 2019, the movant was found guilty as charged.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

If a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it. Fed. R. Civ. P. 56(e).

After giving notice and a reasonable time to respond, the court may consider summary judgment on its own after identifying material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f)(3).

## ARGUMENT

### A.     The Movant Was Denied Effective Assistance of Counsel

A defense counsel has "a duty to communicate and keep the client informed and advised of significant developments and potential options and outcomes." ABA Standard 4-1.3(d).

In representing the movant, Mr. DeMarco, expressed to the Court his disagreement with his client theory of defense, but after the conference of November 20, 2018, where the Court ruled that it was the client's decision to make, Mr. DeMarco and the movant left the court with the understanding that Mr. DeMarco would prepare a motion to dismiss arguing that the underlying conviction was invalid and, therefore, an exception to the registration requirement under §2250. To that effect, the movant prepared and emailed a letter to his attorney outlining support for the

projected motion. Mr. DeMarco never responded to the email and on January 08, 2018 filed a letter with the Court arguing that his client was not permitted to challenge his underlying conviction. The Court misconstrued the letter as having the defendant's approval and issued order canceling the briefing schedule that the Court had set for the pretrial motion to invalidate Defendant's prior conviction. Document 54.

From his initial assignment until he was terminated, Mr. DeMarco did nothing but undermine his client's case as lead defense counsel and as standby counsel. His actions were in direct contrast with every ethical and professional capacity expected of a defense counsel and clearly constituted, as a minimum, ineffective assistance of counsel. The movant asked the Court to replace Mr. DeMarco and the Court declined leaving the movant with no other option than self representation.

By refusing to assign new counsel, the Court effectively denied assistance of counsel to the accused.

The court may consider summary judgment on its own after identifying material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f)(3).

## B.    The Superseding Indictment Was Unlawful.

As relevant here, §2250 provides:
"(a) IN GENERAL.—Whoever—
"(1) is required to register under the Sex Offender Registrationand Notification Act;
"(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
"(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
"(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; "shall be fined under this title or imprisoned not more than 10 years, or both."
For a defendant to violate this provision, Carr and the Government agree, the statute's three elements must "be satisfied in sequence, culminating in a post-SORNA failure to register." Brief for United States 13; see also Reply Brief for Petitioner 4, 7, n. 6. A

sequential reading, the parties recognize, helps to assure a nexus between a defendant's interstate travel and his failure to register as a sex offender. Persons convicted of sex offenses under state law who fail to register in their State of conviction would otherwise be subject to federal prosecution under §2250 even if they had not left the State after being convicted—an illogical result given the absence of any obvious federal interest in punishing such state offenders.

*Carr v. United States,* 560 U.S. 438, 443 (2010).

Had Congress intended to subject any unregistered state sex offender who has ever traveled in interstate commerce to federal prosecution under §2250, it easily could have adopted language to that effect. That it declined to do so indicates that Congress instead chose to handle federal and state sex offenders differently. There is nothing "anomal[ous]" about such a choice. To the contrary, it is entirely reasonable for Congress to have assigned the Federal Government a special role in ensuring compliance with SORNA's registration requirements by federal sex offenders—persons who typically would have spent time under federal criminal supervision. It is similarly reasonable for Congress to have given the States primary responsibility for supervising and ensuring compliance among state sex offenders and to have subjected such offenders to federal criminal liability only when, after SORNA's enactment, they use the channels of interstate commerce in evading a State's reach.

*Id* at 449.

Congress crafted §2250 to keep jurisdiction over federal offenders regardless of interstate travel and over state offenders only when they travel between states.

The government applied an irrelevant element to take advantage of the dichotomy created by the *United States v. Holcombe,* 883 F.3d 12 (2d Cir. 2018) decision and to dupe the jury into thinking that actual evidence of a crime was being presented.

In *Holcombe,* the Second Circuit appeared bent on affirming the conviction in spite of the Supreme Court rulings in *Nichols v. United States,* 136 S. Ct. 1 113 (2016). The appeal court spared not opportunity to establish a distinction between the two cases by pointing to immaterial issues, such as, "We note, too, that Nichols did not address venue, and involved a defendant who was a federal sex offender, not, as here, a state sex offender. See 136 S. Ct. at 1116–17. A federal sex offender, unlike a state sex offender, does not need to travel interstate to commit a SORNA offense." *Holcombe* at 10. Ultimately, the court ended up relying in a

number of cases that hardly supported its ruling because all of the cases cited preceded *Nichols*.

*United States v. Kopp*, 778 F.3d 986, 988–89 (11th 3 Cir. 2015); *United States v. Lewis*, 768

F.3d 1086, 1092–94 (10th Cir. 2014); *United States v. Howell*, 552 F.3d 709, 717–18 (8th Cir.

2009).

Only the *United States v. Haslage*, 853 F.3d 331 (7th Cir. 2017) case was decided after

*Nichols*, which was the reason the Seventh Circuit overrode its prior position.

The end result was a controversial decision which prompted the legal community to the

following conclusion:

> *Commentary*
>
> The Court's decision on venue gives new significance to the jurisdictional hook element
> of a SORNA offense involving a sex offender convicted under state law. For other
> federal crimes involving interstate travel – such as kidnapping in violation of the
> "Lindbergh Law" – there is little question that the core underlying offense occurred in
> both jurisdictions. Here, based on the Court's ruling, a defendant could be tried in the
> departure state even if when he stepped across state lines he had no plans to remain in the
> arrival state, without re-registering, in violation of SORNA. The Court's discussion of
> *Nichols* also sets up the interesting parallel in that the departure state may be involved in
> the offense and a proper venue for a state-law convicted sex offender who travels across
> state lines without registering, but not for a federal-law convicted sex offender otherwise
> subject to the same registration requirements. Although the Court's interpretation of the
> statute is tough to dispute, it does create a legal anomaly that is hard to rationalize from a
> policy perspective.

https://www.pbwt.com/second-circuit-blog/circuit-holds-that-interstate-travel-element-

confers-multiple-venues-for-prosecution.

On November 16, 2018, the Court issued order, directing the government to address the

effect of *Nichols v . United States,* 136 S. Ct. 1 113 (2016) on the case. The Court asked the

government to:

1. In light of Nichols, the Government must explain why the Indictment properly states an offense, given that it alleges that Mr. Diaz "changed his residence without updating his registered address in New York," Dkt. 12 (emphasis added).

2. The Government must also explain why venue is proper in this District, given that Nichols suggests that Mr. Diaz's alleged offense was his failure to report his change of residence to New Jersey and/or Virginia authorities, not New York authorities. The Government's explanation regarding venue should address *United States v. Holcombe*, 883 F.3d 12 (2d Cir. 2018), and the Court of Appeals decisions cited therein. Document 96.

In its response, the government explained that it had issued a superseding indictment where venue was now proper in the district because "[t]he original indictment in this case charged the defendant with being a "sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law (including the Uniform Code of Military Justice)." See 18 U.S.C. § 2250(a)(2)(A). The superseding indictment now charges the defendant with traveling in interstate commerce. See id. § 2250(a)(2)(B)." Document 99 at 2.

The government's explanation was less than forthcoming. The government omitted keys points in *Holcombe* directly on point to the issues of venue, federal vs. state offenders, and interstate travel.

The Court also noted that "Section 2250 phrases the "federal conviction" And "interstate commerce" theories of the offense in terms of "or" Indicating that the government may proceed under either one. That makes sense: If an unregistered sex offender travels in interstate commerce, the government has a federal interest in prosecuting him, regardless of whether he is a federal or state sex offender. I'm unaware of a case that directly addresses this issue, but in *United States v. Van Buren*, a federal sex offenders was prosecuted under the interstate travel

theory; the Second Circuit affirmed the conviction albeit on other grounds, Van Buren is 599

F.3d at 170 (2d Cir. 2010)." Document 146 at 19, 20.

The law is clear. The sequential scheme of the statute demands that federal offenders be

charged only under 18 U.S.C. § 2250(a)(2)(A).

The Court should grant summary judgment and vacate the movant's conviction as a matter of

law.

## C.     The Court's Findings of Law Were Not Supported by the Evidence.

-Nothing in SORNA limits the statute's reach to procedurally sound convictions or

otherwise authorizes collateral attacks on those convictions. See Delgado, 592 F. App'x at 603.

As with the felon-in-possession laws, SORNA focuses only on "the fact of the [prior]

conviction." Custis, 511 U.S. at 491. The procedural validity *vel non* of Diaz's prior conviction

is thus not at issue in the instant prosecution, and Diaz may not use this proceeding to

collaterally attack it. Document 71 at 8.

The Court's denial of movant's motion to dismiss was a misapplication of *Custis v. United*

*States,* 511 U.S. 485 (1994). That decision only applied to the Armed Career Criminal Act of

1984, 18 U. S. C. § 924(e).

Held:

> 1. With the sole exception of convictions obtained in violation of the right to counsel, a
> defendant in a federal sentencing proceeding has no right to collaterally attack the
> validity of previous state convictions that are used to enhance his sentence under the
> *ACCA*. Pp. 490-497.

> (a) Congress did not intend to permit collateral attacks on prior convictions under § 924(e).
> The statute's language-which applies to a defendant who has "three previous convictions"
> of the type specified focuses on the fact of the conviction, and nothing therein suggests
> that the prior final conviction may be subject to attack for potential constitutional errors
> before it may be counted. That there is no implied right of collateral attack under § 924(e)
> is strongly supported by § 921(a)(20), which provides that a court may not count a
> conviction "which has been ... set aside" by the jurisdiction in which the proceedings
> were held, and thereby creates a clear negative implication that courts *may* count a

conviction that has not been so set aside; by the contrast between § 924(e) and other related statutes that expressly permit repeat offenders to challenge prior convictions that are used for enhancement purposes, see, e. g., 21 U. S. C. § 851(c); *Custis* at 485.

We granted certiorari to determine whether a defendant in a federal sentencing proceeding may collaterally attack the validity of previous state convictions that are used to enhance his sentence under the ACCA. *Id* at 487.

We granted certiorari, 510 U. S. 913 (1993), because the Court of Appeals' decision conflicted with recent decisions from other Courts of Appeals that permitted defendants to challenge prior convictions that are used in sentencing under § 924(e)(1). *Id* 490.

Custis argues that the ACCA should be read to permit defendants to challenge the constitutionality of convictions used for sentencing purposes. Looking to the language of the statute, we do not believe § 924(e) authorizes such collateral attacks. *Id.*

Congress' passage of other related statutes that expressly permit repeat offenders to challenge prior convictions that are used for enhancement purposes supports this negative implication. For example, 21 U. S. C. § 851(c), which Congress enacted as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, sets forth specific procedures allowing a defendant to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense. *Id* at 491.

The language of §851(c) shows that when Congress intended to authorize collateral attacks on prior convictions at the time of sentencing, it knew how to do so. Congress' omission of similar language in § 924(e) indicates that it did not intend to give defendants the right to challenge the validity of prior convictions under this statute. . *Id* at 492.

This lack of such intent in § 1202(a)(1) also contrasted with other federal statutes that explicitly permitted a defendant to challenge the validity or constitutionality of the predicate felony. See, e. g., 18 U. S. C. § 3575(e) (note following ch. 227) (dangerous special offender) and 21 U. S. C. §851(c)(2) (recidivism under the Comprehensive Drug Abuse Prevention and Control Act of 1970). The absence of expressed intent, and the contrast with other federal statutes, led us to determine that "the firearms prosecution [under § 1202(a)(1)] does not open the predicate conviction to a new form of collateral attack." 445 U. S., at 67.

Similarly, § 924(e) lacks any indication that Congress intended to permit collateral attacks on prior convictions used for sentence enhancement purposes. The contrast between § 924(e) and statutes that expressly provide avenues for collateral attacks, as well as our decision in Lewis, supra, point strongly to the conclusion that Congress did not intend to permit collateral attacks on prior convictions under § 924(e). . *Id* at 493.

**We therefore hold that § 924(e) does not permit Custis to use the federal sentencing forum to gain review of his state convictions.** *Id* at 497.

The Supreme Court made clear that its findings applied to § 924(e). The Court observed that some statutes permit collateral attacks and some do not. Before reaching its conclusions, the Court

looked to the language of the statute. This is the only portion in *Custis* that can be applied to the movant's case. The district court should have looked at the language of SORNA.

And … the language of SORNA *does* limit the statute's reach to procedurally sound convictions. It explicitly rejects convictions not obtained with sufficient safeguards for fundamental fairness and due process for the accused. See 34 U.S.C. § 20911(5)(B).

Although, this observation is made in reference to foreign convictions, it can hardly be argued that Congress intended to extend protection against fundamentally unfair trials and due process violations to foreigners and deny them to United States citizens. Additionally, every American is entitled to those protections under the United States Constitution. So, it makes sense that Congress would extend those protections to foreigners who may have lack them during their trials. Also, see First Amendment and Federal Rule of Evidence 104(e).

The movant was denied the opportunity to present a valid defense at trial.

The Court should grant summary judgment and vacate the movant's conviction as a matter of law.

## D.     Movant Was tried in Unconstitutional Venue

The Trial of all Crimes, except in Cases of Impeachment; shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed. U.S. Constitution, Article III, § 2, Clause 3

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed... U.S. Constitution, 6th Amendment.

"The Sixth Amendment to the U.S. Constitution guarantees a defendant the right to trial by "an impartial jury of the state and district wherein the crime shall have been committed." Reflecting

12

this constitutional command, the Federal Rules of Criminal Procedure also state that "the government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18." *United States v. Haslage*, 853 F.3d 331, 333 (7th Cir. 2017).

Movant was tried and convicted in the Southern District of New York which the Court, interpreting *Nichols,* and the district attorney appeared to recognize was not the proper venue for the trial. See Documents 96 and 99.

The government subverted the statute's intent and the movant's constitutional rights by issuing an unlawful superseding indictment charging the movant under the state offender's clause. See *Carr v. United States,* 560 U.S. 438, 443   (2010). *Supra.* Also, see Document 99.

The movant was tried in an unconstitutional venue..

The Court should grant summary judgment and vacate the movant's conviction as a matter of law.

## CONCLUSION

For the foregoing reasons, the Movant, Salvador Diaz, respectfully requests that this Court grant this motion and vacate his conviction as a matter of law.

Dated: 06/13/2021

Respectfully submitted,

*Salvador Diaz*

Salvador Diaz
P. O. Box 151
Horntown, VA 23395
sal13diaz@hotmail.com

 **UNITED STATES POSTAL SERVICE** ® | **PRIORITY® MAIL**

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

**FROM:**

SALVADOR DIAZ
P.O. BOX 151
HORNTOWN, VA 23395

**TO:**

PRO SE INTAKE UNIT
U.S DISTRICT COURT
500 PEARL STREET, ROOM 200
NEW YORK, NY 10007



**TRA**  

**USPS TRACKING #**

9114 9023 0722 4029 4675 03

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.