IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | CASE NO. 21-CV-2403 (VEC) |
| -vs- | ) | 17-CR-0227 (VEC) |
| SALVADOR DIAZ, | ) | |
| Movant. | ) | |

**STATEMENT OF MATERIAL UNDISPUTED FACTS ON MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1, Movant submits this Statement of Material Undisputed Facts in support of his Motion for Summary Judgment.

**I.     Denial of Effective Assistance of Counsel**

(1)     Movant made clear indications of desire to challenge underlying conviction as an exemption to SORNA's registration requirement. 17-cr-227-VEC, Document 49 at 3.

(2)     Mr. Mark DeMarco, the court-appointed defense counsel expressed his disagreement with his client's desires. 17-cr-227-VEC, Document 49 at 3.

(3)     The Court instructed Mr. DeMarco to research and make the motion on behalf of his client. 17-cr-227-VEC, Document 49 at 15 and 16.

(4)     Mr. DeMarco did not make the motion on behalf of his client. Instead, he filed a letter with the court on 01/08/2018, arguing that his client was not permitted to attack the prior conviction. 17-cr-227-VEC, Document 53. Also Document 65 at 2.

1

(5) The Court acknowledge receiving Mr. DeMarco's letter stating he did not believe his client could legally attack his court-martial conviction in a SORNA prosecution. The court expressed its agreement with Mr. DeMarco's position. Document 65 at 2.

(6) The Court noted that, at trial, Rules of Criminal Procedures and Rules of Evidence have to be followed. Document 65 at 8. And, that movant had the constitutional right to an attorney at trial and every phase of the proceedings. 65 at 5.

(7) Movant expressed distrust of Mr. DeMarco and asked for a different attorney. The Court denied request and assigned Mr. DeMarco as standby counsel. Document 65 at 18. Also Document 117 at 8.

(8) Movant's attempt to address his objections to his attorney's actions were rejected by the Court. Document 65 at 23.

(9) On 02/20/2019, less than five days before trial, the Court appointed Ms. Susan Gail Kellman as defense counsel for Movant and terminated Mr. DeMarco as standby counsel. Document 131.

(10) On 02/23/2019, after failing to persuade Ms. Kellman to file a new motion to dismiss, and because rules required motion to be filed before trial, Movant sent motion directly to the judge via email which the Court docketed on 02/25/2019 as Document 135.

**(11)** At the opening of trial, the Court dismissed the motion citing waiver on both issues and lack of merit on the claim of improper indictment. Document 146 at 20.

## II  Unlawful Indictment

(12) On 11/16/2018, the Court issued order directing the government to respond addressing the effect of Nichols v. United States, 136 S. Ct. 1113 (2016) on the case. Document 96. The government's response is contained in Document 99.

(13)    The government issued a superseding indictment on 12/19/2018 charging the movant under the interstate travel clause of 18 U.S.C. 2250. Document 101.

(14)    On 02/23/2019, the Movant sent a letter directly to the judge moving for dismissal citing, in part, an unlawful superseding indictment. Document 135.

(15)    The court dismissed the motion citing the motion as out of time and lacking merit. Document 146 at 20.

### III    Denial of right to present Evidence at Trial

(16)    Movant filed a motion to dismiss charges of failing to register in violation of 18 U.S.C. 2250 arguing he was not required to register under the statute because his conviction had been obtained without fundamental fairness and Due Process. Document 49 at 3. See also Document 61.

**(17)**    The Court repeatedly ruled that Movant would not be allowed to introduce evidence at trial that tended to show that the conviction or the registration proceedings were invalid nor to make such arguments to the jury. Document 71 at 6, Document 84. Also Document 128 at 2, para. 2 and 4.

### IV    Improper Venue

(18)    The Trial of all Crimes, except in Cases of Impeachment; shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed. U.S. Constitution, Article III, § 2, Clause 3

(19)    In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed... U.S. Constitution, 6th Amendment.

(20) On 02/23/2019, the Movant sent a letter directly to the judge moving for dismissal citing, in part, improper venue in the State of New York. Document 135. The court dismissed the motion citing the motion as out of time. Document 146 at 20.

Dated: 06/13/2021

Respectfully submitted,

*Salvador Diaz*
Salvador Diaz
P. O. Box 151
Horntown, VA 23395
(347) 344-6571
sal13diaz@hotmail.com