

RECEIVED
SDNY PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 21-CV-2403 (VEC) |
| ) | 17-CR-0227 (VEC) |
| -vs- ) | |
| ) | |
| SALVADOR DIAZ, ) | |
| ) | |
| Movant. ) | |

## MOTION TO DISQUALIFY DISTRICT JUDGE

Now comes the Movant, Salvador Diaz, *pro se*, and hereby moves the Judge Valerie E. Caproni to disqualify herself from the instant proceedings pursuant to 28 U.S.C. §455.

## BACKGROUND

This case is now before this Court on movant's §2255 motion to vacate following conviction before Judge Caproni (17-cr-0227). Movant unsuccessfully appealed before the Second Circuit Court of Appeals (19-1895).

Movant's motion to vacate alleges:

1. Denial of effective assistance of counsel
2. He was subjected to a defective, unlawful indictment.
3. Denial of right to present evidence at trial
4. He was tried in an improper venue

Movant moved for disclosure of grand jury transcript as evidentiary material in connection with his allegation of defective, unlawful indictment. The Court denied the motion noting among others that:

1. "Specifically, Mr. Diaz asserts that the indictment fails to state an offense and that venue was not proper in the Southern District of New York." *Order* at 2.

2. "Finally, to the extent Mr. Diaz is arguing that the prosecutors engaged in misconduct when they appeared before the grand jury… Mr. Diaz has failed to make any "specific factual allegations of government misconduct."" *Id.*

3. "Absent any "basis to conclude that an impropriety or defect exists," this Court will not allow Mr. Diaz access to the grand jury record." *Id.*

## DISCUSSION

28 U.S.C. § 455 provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In light of the Court's denial of movant's motion to obtain grand jury transcript, 21-cv-02403-VEC, Document 16. (Order), it is painfully evident that the movant will not be afforded a fair review of his allegations by Judge Caproni.

"'[A] judge must recuse [herself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.1990)).

"There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant." *Townsend v. Sain*, 372 U.S. 293, 313-314 (1963).

In the present case there is no need to find a "reasonable, objective person," as the Supreme Court notes unless the court actually reaches the issues of facts tendered there is no fair hearing.

The Court denied the movant's motion to obtain the grand jury transcript noting that:

**1. "Specifically, Mr. Diaz asserts that the indictment fails to state an offense and that venue was not proper in the Southern District of New York."** *Order* **at 2.**

Mr. Diaz central assertion is that the indictment was unlawful and against the law of the United States and the intent of Congress as specifically noted by the Supreme Court in *Carr v. United States,* 560 U.S. 438 (2010). Document 15, (Reply) at 5. The indictment was fatally flawed. "An indictment must set forth each element of the crime that it charges." *Almendarez-Torres v. United States,* 523 U. S. 224, 228 (1998). Because the Constitution requires that a defendant be charged with all essential elements of the offense, Diaz's indictment under 18 U.S.C. § 2250(a)(2)(A) must allege that he "is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States."

In *Hamling*, the Supreme Court identified two constitutional requirements for an indictment: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U. S., at 117. *Hamling v. United States,* 418 U. S. 87, 119 (1974). By omitting the mandatory jurisdictional element (2)(A) the government could potentially charge Diaz for the same offense.

3

Judge Caproni intentionally redirects the focus of the allegation from "defective, unlawful indictment" to "failure to state an offense and improper venue." Judge Caproni does this because at trial, she dismissed a motion for failure to state an offense and improper venue. The judge dismissed the motion finding that the arguments were "meritless. Section 2250 phrases the "federal conviction" and "interstate commerce" theories of the offense in terms of "or" indicating that the government may proceed under either one. That makes sense: If an unregistered sex offender travels in interstate commerce, the government has a federal interest in prosecuting him, regardless he is a federal or state sex offender. I'm unaware of a case that directly addresses this issue." 17-cr-227, Document 146 at 20. Diaz asked to reply but was not allowed by the Court. "No. You submitted your motion and I've ruled on that. We're not going to argue it." *Id* at 21.

This in the typical arbitrary, perfunctory manner reserved for indigent, *pro se* defendants; never observed when addressing prosecutors.

The judge's unusual comment that she was "unaware" of a case directly addressing the issue is very suspect. Not only because it shows a judge deciding an issue without adequate research, but, *Carr v. United States,* 560 U.S. 438 (2010), is cite in *United States v. Holcombe,* 883 F.3d 12 (2d Cir. 2018) at 18, and more importantly by Judge Caproni, herself, when denying Diaz's pre-trial motion. "As applied to Diaz, the elements of failure to register, pursuant to 18 U.S.C. § 2250, are that the defendant: (1) was required to register as a sex offender under SORNA; (2) is a "sex offender" by reason of a conviction under federal law (including under the Uniform Code of Military Justice); and (3) knowingly failed to register or update his registration. *See* 18 U.S.C. § 2250(a); *Carr v. United States,* 560 U.S. 438, 445-46 & n.3 (2010)." 17-cr-227, Document 71 at 6.

So, the plain and simple truth about Judge Caproni declaration that she was not aware of a case directly addressing the issue is that it was a lie.

It seems unusual for a judge to rule on a motion while admitting to be "unaware of a case that addresses" the issue to be decided and at the same time deny a party involved the right to present evidence. It is, therefore, not surprising to find the same judge evade discussion of a case that "directly addresses" the issue when presented by the movant. Particularly, when that case is a from a binding authority and directly contradicts the judges decision.

This is trespassing of the movant's constitutional rights and fraud by the prosecutors and the judge who not only do not reach and decide "the issues of fact tendered by the defendant," but mislead the public with specious rulings.

Without a doubt, a reasonable, objective person, knowing all of the circumstances, will question the judge's impartiality.

**2. "Finally, to the extent Mr. Diaz is arguing that the prosecutors engaged in misconduct when they appeared before the grand jury... Mr. Diaz has failed to make any "specific factual allegations of government misconduct."" *Id.***

> "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor-indeed he should do so. But while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935).

Mr. Diaz asserted the government misconduct as the act of repeatedly and knowingly presenting false argument to the court that federal offenders can be charged under the interstate

5

travel clause (Reply at 5-6). The government and Judge Caproni are aware of the provisions of *Carr* with respect to the form of charges under 18 U.S.C. § 2250. Yet, both, as if by agreement, have failed to recognize this argument presented by Diaz. In fact, falsely denying Diaz has made the allegations.

**3. "Absent any "basis to conclude that an impropriety or defect exists," this Court will not allow Mr. Diaz access to the grand jury record." *Id*.**

There is basis to conclude that impropriety *and* defect exist. The entire Reply brief provides the basis which would allow an impartial court to reach the conclusion that improprieties and defects were present. That Judge Caproni should conclude that there is no such basis, is indicative of the presence of bias in her judgment and why the judge should disqualify herself from the proceedings.

## CONCLUSION

This is by no means a full narrative of the instances of bias in the many pre-trial conferences leading up to the trial. The court's bias deprived Diaz of his right to Due Process at every opportunity. He invoked claims of rights under the Petition Clause of the First Amendment, Rule 104(e) in the Federal Rules of Evidence, the language of the statute (Qualifying convictions consist only of those "obtained with sufficient safeguards for fundamental fairness and due process of the accused."), right to counsel, etc. AT every instance, the court applied an unreasonably narrow definition or was completely silent on the allegations. Conversely, every allegation against Diaz was unconditionally accepted by the court without any attempt to verify.

It would be impractical to detail each instance of bias and denial of Due Process in this document. However, in the spirit of the law, a reasonable, objective person, knowing all of the

circumstances, should be afforded the opportunity to assess the judge's impartiality. To that end the movant proposes an open hearing with participants from NYU, Fordham, and Columbia schools of law (staff and students), where the movant will read from the record and allow those participants to decide the judge's fairness.

Dated: 09/11/2021

Respectfully submitted,

*Salvador Diaz*
Salvador Diaz
P. O. Box 151
Horntown, VA 23395
(347) 344-6571
sal13diaz@hotmail.com

7

**FROM:**
SALVADOR DIAZ
P.O. BOX 151
HORNTOWN, VA 23395

**TO:**
U.S. Courthouse
Southern District of N.Y.
Pro SE Intake Unit
500 Pearl Street, Room 200
New York, NY 10007

$007.95
SEP 10 2021
MAILED FROM ZIP CODE 23395

2021 SEP 13 PM 2:48
S.D. OF N.Y.

# UNITED STATES POSTAL SERVICE®
# PRIORITY MAIL®

USPS TRACKING #
9114 9022 0078 9399 3070 12

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

Plaintiff requests that the Court recuse herself based on the Court's denial of Plaintiff's motion to obtain the transcript from his grand jury indictment. *See* Dkt. 179. Plaintiff's request is DENIED.

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]").

Plaintiff states no facts suggesting that the undersigned "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive Plaintiff's dissatisfaction only with the Court's rulings.

As there is no need for the undersigned to recuse herself from this action, the Court denies Plaintiff's motion seeking her recusal.

SO ORDERED.

*/s/ Valerie Caproni*   9/15/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE