USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

SALVADOR DIAZ,                                  :
                                                :
                              Petitioner,       :           21-CV-2403 (VEC)
                                                :           17-CR-227 (VEC)
              -against-                         :
                                                :           OPINION & ORDER
UNITED STATES OF AMERICA,                       :
                                                :
                              Respondent.       :

--------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Salvador Diaz ("Petitioner") was convicted in 2019 of failure to register as a sex

offender.  *See* Judgment, Dkt. 155.  He has filed a petition to vacate, set aside, or correct his

conviction pursuant to 28 U.S.C. § 2255, arguing that: (1) he received ineffective assistance of

counsel; (2) his superseding indictment was unlawful; (3) venue in this District was improper;

and (4) he was denied the right to present evidence challenging his predicate sex offense

conviction.  *See* Pet., Dkt. 161.[1]  Mr. Diaz has also moved for summary judgment on his § 2255

petition.  *See* Mot. for Summ. J., Dkt. 165.  The Government opposes Mr. Diaz's § 2255

petition.[2]  *See* Gov't Mem. of Law, Dkt. 164.  For the reasons discussed below, Mr. Diaz's

§ 2255 petition is DENIED, and the case is dismissed.

## BACKGROUND

On December 1, 2000, Mr. Diaz, then a chief petty officer in the United States Navy, was

convicted at court-martial of three counts of rape and two counts of indecent acts, in violation of

---

[1]        All citations are to docket entries in Mr. Diaz's criminal case, No. 17-CR-227.

[2]        The Government did not respond to Mr. Diaz's motion for summary judgment.

the Uniform Code of Military Justice.  Compl., Dkt. 1 ¶ 3.  Mr. Diaz was dishonorably
discharged from the Navy and sentenced to nine years' imprisonment.  *Id.*

On April 12, 2017, Mr. Diaz was charged in this District with one count of violating 18
U.S.C. § 2250 based on his failure to register as a federal sex offender and to update his
registration when he changed his residence, as required by the Sex Offender Registration and
Notification Act ("SORNA").  *See* Indictment, Dkt. 12.  On November 19, 2018, the grand jury
returned a superseding indictment charging Mr. Diaz again with one count of violating 18 U.S.C.
§ 2250, but this time based on the prong of the statute (18 U.S.C. § 2250(a)(1)(2)(B)) that makes
it unlawful for anyone who is required to register as a sex offender to travel in interstate
commerce and to knowingly fail to update his registration.  *See* Superseding Indictment, Dkt.
101.

On February 26, 2019, following a two-day jury trial during which Mr. Diaz represented
himself, he was convicted on the sole count of the indictment.  *See* Judgment at 1.  He was
sentenced to five years' probation with a special condition that the first three months were to be
spent under house arrest.  *See id.* at 2.  Mr. Diaz, proceeding *pro se*, now seeks to vacate, set
aside, or correct his conviction pursuant to 28 U.S.C. § 2255.  *See* Pet.[3]

**DISCUSSION**

The Court notes at the outset that Mr. Diaz is proceeding *pro se* and that "the submissions
of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments
that they suggest.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per
curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

---

[3]     Mr. Diaz has also moved for summary judgment on his § 2255 petition.  *See* Mot. for Summ. J.

Under 28 U.S.C. § 2255, a petitioner "may move the court which imposed [the petitioner's] sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  "As a general rule § 2255 petitioners may not raise on collateral review a claim previously litigated on direct appeal."  *Abbamonte v. United States*, 160 F.3d 922, 924 (2d Cir. 1998).  "The 'mandate rule' ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court."  *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002).

## I.      Mr. Diaz's Counsel Were Not Ineffective

Mr. Diaz argues that his conviction should be vacated because: (1) he received ineffective assistance of counsel[4] because counsel declined to collaterally attack his underlying court martial conviction; and (2) the Court refused to appoint new counsel, effectively denying him the assistance of counsel at trial.  *See* Pet. at 5, 15; *see also* Pet'r Mem. of Law, Dkt. 166 at 5–8; Pet'r Reply Mem. of Law, Dkt. 173 at 5–11.

---

[4]      Although Mr. Diaz mostly focuses on the actions of Mark DeMarco, he had three appointed attorneys before ultimately electing to proceed to trial *pro se*.  Initially he was represented by the Federal Defender's Office. On August 24, 2017, the Court relieved the Federal Defenders and appointed Mark DeMarco to represent Mr. Diaz. *See* Dkt. 37.  That change of counsel occurred on the request of Federal Defenders to be relieved based on "irreconcilable differences concerning legal strategy" leading to a "significant deterioration in the attorney-client relationship."  Letter, Dkt. 36 at 1.  On March 2, 2018, the Court relieved Mr. DeMarco and allowed Mr. Diaz to proceed *pro se* with Mr. DeMarco as standby counsel.  *See* Order, Dkt. 62.  The precipitating cause of that action was a disagreement over whether Mr. DeMarco had a good faith basis to collaterally attack Mr. Diaz's underlying court martial conviction.  *See* Mar. 1, 2018 Hearing Tr., Dkt. 65 at 2:12–3:11.  After approximately a year with Mr. DeMarco as standby counsel, Mr. Diaz told the Court that he did not want to proceed to trial *pro se* but that he also did not want to be represented at trial by Mr. DeMarco.  *See* Feb. 15, 2019 Hearing Tr., Dkt. 136 at 62:13–24; *see also* Feb. 20, 2019 Hearing Tr., Dkt. 144 at 2:11–16.  The Court then relieved Mr. DeMarco and appointed Susan Kellman.  *See* Feb. 20, 2019 Hearing Tr., Dkt. 144 at 2:17–20, 4:23–5:2.  On the day of trial, because Ms. Kellman would not move to dismiss the indictment, Mr. Diaz again elected to proceed *pro se*, this time with Ms. Kellman as standby counsel for trial.  *See* Feb. 25, 2019 Trial Tr., Dkt. 146 at 3:22–4:18, 18:5–16.

A claim for ineffective assistance of counsel will be granted only if a petitioner can show:
(1) that his counsel's performance fell below an objective standard of reasonableness under
prevailing professional norms; and (2) that he was prejudiced by his counsel's deficient
performance.  *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984).  This two-prong test
is difficult to satisfy.  *See United States v. Shi Hui Sun*, No. 09-CR-778, 2013 WL 1947282, at *4
(S.D.N.Y. May 8, 2013) ("[Ineffective assistance of counsel] is a difficult showing to make, as
courts must indulge a strong presumption that counsel's conduct falls within the wide range of
reasonable professional assistance, bearing in mind that there are countless ways to provide
effective assistance in any given case.") (cleaned up).  The petitioner must show "that counsel
made errors so serious that counsel was not functioning as the 'counsel' guaranteed the
defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting
*Strickland*, 466 U.S. at 687).

The Supreme Court has made clear that "[i]f it is easier to dispose of an ineffectiveness
claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course
should be followed." *Strickland*, 466 U.S. at 697.  "A court need not address both prongs of the
*Strickland* test; if either fails, the entire claim fails." *Grant v. United States*, 725 F. App'x 76, 77
(2d Cir. 2018) (summary order).

### A.    Counsels' Failure to Challenge Mr. Diaz's Prior Sex Offense Conviction

Mr. Diaz alleges that he received ineffective assistance because his attorney failed to
move to dismiss his indictment based on a challenge to the sex offense conviction that underlay

the § 2250 charge.[5]  *See* Pet. at 15; Pet'r Mem. of Law at 5–6.  This claim fails, however,

because Mr. Diaz has not demonstrated that he was prejudiced by his counsels' performance.[6]

　　　　While none of Mr. Diaz's attorneys challenged the validity of his prior conviction, Mr.

Diaz did so himself on multiple occasions.  This Court rejected those arguments when Mr. Diaz

made them, *see* Mem. Op. & Order, Dkt. 71 at 5–8; Mem. Op. & Order, Dkt. 75 at 2–3; Order,

Dkt. 84 at 1–2; Nov. 20, 2018 Hearing Tr., Dkt. 117 at 18:2–19:9; Order, Dkt. 128 at 2, and the

Second Circuit affirmed this Court's decision to preclude Mr. Diaz from challenging his

underlying convictions at trial, *see United States v. Diaz*, 967 F.3d 107, 109 (2d Cir. 2020), *cert.

denied*, 141 S. Ct. 1424 (2021) ("We agree that SORNA does not permit defendants to

collaterally challenge predicate sex offender convictions.").  Because that argument lacked merit,

Mr. Diaz cannot show that his trial would have been different had one of his attorneys made the

desired motion.[7]  *See Aparicio v. Artuz*, 269 F.3d 78, 88, 99 n.10 (2d Cir. 2001) ("[T]rial counsel

could not be ineffective for failing to raise so meritless an issue."); *see also United States v.

Arena*, 180 F.3d 380, 396 (2d Cir. 1999), *abrogated on other grounds by Scheidler v. Nat'l Org.*

---

[5]　　　　It is not entirely clear whether Mr. Diaz is alleging that all of his attorneys were ineffective for failure to
make this motion or that only Mr. DeMarco was.  *See* Pet'r Mem. of Law at 5–6 (argument focuses entirely on the
actions of Mr. DeMarco).  Because Mr. Diaz is proceeding *pro se* and because none of his attorneys made the
motion he wanted to pursue, the Court will interpret his claim broadly as applying to all of his attorneys.

[6]　　　　Mr. Diaz's claim also fails under the first prong of *Strickland* because he has not shown that his counsels'
failure to file the requested motions amounts to deficient representation.  *See Dupont v. United States*, 224 F. App'x
80, 82 (2d Cir. 2007) ("[A] lawyer's decision not to pursue a defense does not constitute deficient performance if, as
is typically the case, the lawyer has a reasonable justification for that decision.") (internal quotation marks and
citation omitted); *see also United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("Actions or omissions by counsel
that might be considered sound trial strategy do not constitute ineffective assistance" and "[c]ounsel's election to
forgo an unsupported argument plainly falls into this category.") (cleaned up).

[7]　　　　Mr. Diaz's petition also fails because a habeas petition cannot be used to "relitigate questions which were
raised and considered on direct appeal."  *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992); *see also
Quintieri*, 306 F.3d at 1225; *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) ("If [a petitioner] . . . raises an
issue that was dealt with on direct appeal, he will be procedurally barred from proceeding with the challenge.").
Because the Second Circuit already affirmed this Court's decision that "SORNA does not permit defendants to
collaterally challenge predicate sex offender convictions," *Diaz*, 967 F.3d at 109, Mr. Diaz's current challenge
raising the same issue is procedurally barred.

*for Women, Inc.*, 537 U.S. 393 (2003) ("Failure to make a meritless argument does not amount to ineffective assistance."); *Hotton v. Unites States*, No. 18-CV-7717, 2019 WL 1932537, at *4 (S.D.N.Y. May 1, 2019) ("the petitioner cannot . . . show that the failure to object was prejudicial, because such an objection would have been meritless.").

Because Mr. Diaz's arguments have already been rejected as meritless by the Second Circuit and failure to raise a meritless argument does not constitute ineffective assistance, Mr. Diaz cannot demonstrate prejudice as a result of his counsels' performance.  Thus, his claim for ineffective assistance of counsel based on his attorneys' failure to challenge his underlying sex offense conviction is denied.

### B.   The Court's Failure to Appoint New Counsel

Mr. Diaz also contends that he received ineffective assistance because this Court "refused" to assign him new counsel when Mr. DeMarco declined to challenge Mr. Diaz's predicate sex offense conviction.  *See* Pet'r Mem. of Law at 6; Pet'r Reply Mem. of Law at 6–11.[8]  Mr. Diaz alleges that, by refusing to assign him yet another attorney, "the Court effectively denied assistance of counsel" and left him with "no other option than self representation."  Pet'r Mem. of Law at 6.  As noted in footnote 4, *supra*, the dispute with Mr. DeMarco led to Mr. Diaz proceeding *pro se* until shortly before trial.  The Court then granted his request for new counsel, whom he discharged on the morning of trial.

This claim is procedurally barred because Mr. Diaz could have but did not raise it on direct appeal.[9]  *See Quintieri*, 306 F.3d at 1229 ("'where an issue was ripe for review at the time

---

[8]   Mr. Diaz did not assert this argument in his § 2255 petition; he raised it for the first time in the memorandum of law supporting his petition.  *See* Pet'r Mem. of Law at 6; *see also* Pet'r Reply Mem. of Law at 6–11.

[9]   Even if Mr. Diaz's claim were not procedurally barred, it would still fail because it is factually inaccurate and legally meritless.  This Court afforded Mr. Diaz plenty of opportunities to change counsel, and he did so on three occasions.  *See* Feb. 20, 2019 Hearing Tr., Dkt. 144 at 2–4.  Unhappy with his third counsel's representation,

of an initial appeal but was nonetheless foregone,' it is considered waived") (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001)).

Even when a defendant has procedurally defaulted on a claim by failing to raise it on direct review, the claim may still be raised in a habeas petition if the defendant can "demonstrate either cause and actual prejudice, or that he is actually innocent." *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (cleaned up); *see also Marone v. United States*, 10 F.3d 65, 67 (2d Cir. 1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error."). Neither circumstance is met here. There was no impediment to Mr. Diaz raising this argument on direct appeal; and Mr. Diaz has failed to demonstrate that he was prejudiced by the Court's actions such that he was deprived of his Sixth Amendment rights. Accordingly, Mr. Diaz's claim that he received ineffective assistance because the Court refused to appoint yet another attorney is denied.

## II.    Mr. Diaz Is Barred from Arguing that Venue Was Improper

Mr. Diaz also argues that the superseding indictment in his case unlawfully charged him based on a prong of SORNA — the interstate travel prong — for which venue was not proper in this District. Pet. at 9; *see also* Pet'r Mem. of Law at 12–13; Pet'r Reply Mem. of Law at 19–20.[10]

---

Mr. Diaz decided to proceed *pro se* on the day that the trial was scheduled to begin. The Court, after considering Mr. Diaz's mental capacity and reminding him of the potential pit falls of proceeding *pro se* at trial, *see United States v. Schmidt*, 105 F.3d 82, 88 (2d Cir. 1997), allowed Mr. Diaz to proceed *pro se* with standby counsel. *See* Trial. Tr., Dkt. 146 at 2–19; *see also* Mar. 1, 2018 Hearing Tr., Dkt. 65 at 3–19; Aug. 24, 2017 Hearing Tr., Dkt. 43 at 11–12. After voluntarily deciding to represent himself after full warnings from the Court about the dangers of doing so, Mr. Diaz cannot now claim that he had "no other option than self representation." Pet'r Mem. of Law at 6; *see also Schmidt*, 105 F.3d at 89 (holding that a district court's refusal to change counsel on the eve of the trial did not mean that the defendant was coerced into self-representation).

[10]      Mr. Diaz also argues that the superseding indictment was legally defective. *See* Pet. at 6; *see also* Pet'r Mem. of Law at 6–10; Pet'r Reply Mem. of Law at 11–16. His theory is that the interstate travel prong, 18 U.S.C. § 2250(a)(2)(B), is inapplicable to federal sex offenders. This claim is procedurally barred because it could have been

This Court determined, in advance of trial, that Mr. Diaz's motion to dismiss for improper venue was untimely and that Mr. Diaz had not shown good cause to excuse the untimeliness of his argument. *See* Feb. 25, 2019 Trial Tr., Dkt. 146 at 19:9 –20:10.[11]  On appeal, Mr. Diaz did not challenge that determination in his opening brief; accordingly, although he later argued the merits of his motion to dismiss, the Second Circuit declined to address the substance of that argument, concluding that Mr. Diaz had waived any right to object to venue by failing to challenge this Court's timeliness determination on appeal. *See Diaz*, 967 F.3d at 111 n.4 ("As a counseled litigant on appeal, Diaz waived any challenge to the district court's findings on this issue because he failed to address it in his opening brief.  Accordingly, Diaz's improper venue challenge fails.") (internal citation omitted); *see also Quintieri*, 306 F.3d at 1229 ("where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived") (cleaned up).

A defendant is generally "barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011).  Accordingly, to assert these claims now, Mr. Diaz must show both cause for the default and actual prejudice that resulted from the alleged violation, or he must demonstrate that

---

raised on appeal, but was not.  *See Quintieri*, 306 F.3d at 1229.  Moreover, for the reasons discussed at trial, *see* Feb. 25, 2019 Trial Tr., Dkt. 146 at 20:11–23, Mr. Diaz's argument runs squarely into the plain language of the statute.  The second element of a violation of 18 U.S.C. § 2250 is clearly disjunctive: it can be satisfied by proof that the defendant is a federal sex offender, 18 U.S.C. § 2250(a)(2)(A), or by proof that the defendant travelled in interstate commerce, 18 U.S.C. § 2250(a)(2)(B).  In this case, both prongs were applicable, but the Government chose to proceed under the interstate commerce prong.  There was nothing improper about their decision to do so.

[11]      The grand jury returned the superseding indictment on November 19, 2018.  *See* Superseding Indictment, Dkt. 101.  The venue issue about which Mr. Diaz now complains was apparent on the face of the indictment.  The Court nevertheless specifically flagged the issue for Mr. Diaz (who was *pro se* at the time), explaining that a failure to object to venue pretrial would constitute a waiver.  *See* Nov. 20, 2018 Hearing Tr., Dkt. 117 at 10–13.  Mr. Diaz was ordered to file any pretrial motions by December 21, 2018.  He failed to do so, but he eventually filed a motion objecting to venue on February 23, 2019, two days prior to trial.  *See* Mot. to Dismiss, Dkt. 135.  Because the motion was filed more than two months after the deadline and on the eve of trial, the Court denied the motion as untimely.  *See* Feb. 25, 2019 Trial Tr., Dkt. 146 at 19:9–20:10.  But the Court also found that, even if Mr. Diaz had filed his motion in a timely fashion, his argument was meritless.  *See id.* at 20:24–21:7.

he is actually innocent.  *See Gupta*, 913 F.3d at 84; *see also Marone*, 10 F.3d at 67.  Neither

circumstance is met here, as Mr. Diaz has not demonstrated good cause for his failure to raise

lack of venue in his opening brief on direct appeal, nor prejudice, let alone actual innocence.

Accordingly, Mr. Diaz's claim regarding venue is denied.

### III.    Mr. Diaz Is Barred from Challenging His Predicate Sex Offense Conviction

Mr. Diaz also argues that this Court erred in precluding him from introducing evidence at

trial that his predicate sex offense conviction was unlawful.  *See* Pet. at 16.  This issue has

already been considered and rejected by this Court and the Second Circuit.  *See, e.g.*, Mem. Op.

& Order, Dkt. 71 at 6–8 ("Essentially, Diaz seeks to use this prosecution as a vehicle to

collaterally attack his underlying predicate conviction.  But nothing in SORNA limits the

statute's reach to procedurally sound convictions or otherwise authorizes collateral attacks on

those convictions . . . .  The procedural validity *vel non* of Diaz's prior conviction is thus not at

issue in the instant prosecution, and Diaz may not use this proceeding to collaterally attack it.");

*see also Diaz*, 967 F.3d at 109 (noting that "[t]he Supreme Court has routinely interpreted

statutes that depend on a prior conviction as precluding defendants from collaterally challenging

the predicate conviction in a subsequent proceeding" before holding that "SORNA does not

permit defendants to collaterally challenge predicate sex offender convictions").

Because a habeas petition cannot be used to "relitigate questions which were raised and

considered on direct appeal," *Cabrera*, 972 F.2d at 25, and because the Second Circuit affirmed

this Court's decision that Mr. Diaz was not permitted to collaterally challenge his underlying sex

offense conviction as part of the SORNA prosecution, *Diaz*, 967 F.3d at 109–10, Mr. Diaz's

current gambit to use a § 2255 petition premised on his inability to challenge his predicate

conviction is denied.

**IV.     Mr. Diaz's Motion for Summary Judgment Is Procedurally Inadequate**

Finally, Mr. Diaz has moved for summary judgment on his § 2255 petition.  *See* Mot. for Summ. J.  A court "may consider the petitioner's motion for summary judgment in [a habeas] proceeding."  *Fulton v. Baltazar*, No. 16-CV-6085, 2018 WL 389097, at *4 (S.D.N.Y. Jan. 11, 2018); *see also Whitaker v. Meachum*, 123 F.3d 714, 715 n.2 (2d Cir. 1997).  But Mr. Diaz's motion for summary judgment "merely reiterates his arguments for a writ and does not set forth any specific bases for summary judgment or request any relief under the summary judgment standard."  *Baltazar*, 2018 WL 389097, at *4.  Accordingly, Mr. Diaz's motion for summary judgment is denied as procedurally inadequate.  Further, because Mr. Diaz's habeas petition is denied, his motion for summary judgment is also denied as moot.

**CONCLUSION**

For the foregoing reasons, Mr. Diaz's § 2255 petition and motion for summary judgment are DENIED.  The Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right.  *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed *in forma pauperis* is therefore denied.

The Clerk of Court is respectfully directed to terminate the open motions at docket entries 161 and 165.  The Clerk of Court is further directed to mail a copy of this Order to Mr. Diaz at Salvador Diaz, P.O. Box 151, Horntown, VA 23395.

**SO ORDERED.**

**Date:  December 17, 2021**
          **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**